(72 App. Div. 95.)

IRELAND v. UNITED STATES MORTGAGE & TRUST CO.

(Supreme Court, Appellate Division, First Department.   May 9, 1902.)

1. LANDLORD AND TENANT—AGENT OF TENANT—LIABILITY TO LANDLORD.
     Plaintiff leased certain premises to a tenant for a term of 21 years, rent payable quarterly. The tenant mortgaged the lease to defendant, and subsequently executed a contract with defendant, whereby he employed it as his agent, until the mortgage debt should be paid, to collect the rent from subtenants, and apply the sum so collected first to the payment of rent and other matters required to be paid under the lease, then compensation for its services, and any sums remaining to be applied on the mortgage debt, provided that defendant should not be required or expected to make any advances to meet such payments, but all payments made by it should be derived from the said rents. *Held*, that by accepting and acting under such employment defendant did not incur any liability to plaintiff for the rent in excess of the amounts collected by it.

2. SAME.
     Where, at the time the last quarter's rent was paid, defendant had paid under the lease sums largely in excess of the total rents received by it, it was not liable to plaintiff for rents subsequently collected, amounting to less than such advances.

3. SAME—MORTGAGEE IN POSSESSION AS AGENT.
     Defendant, while acting under such contract, was a mere agent of the tenant, and did not occupy the position of a mortgagee in possession.

4. SAME—LEASE—SURRENDER OF POSSESSION—SUBSEQUENT RENT.
     Where defendant surrendered possession of the premises on the last day of the last quarter for which rent was paid, the lease was thereby extinguished, and plaintiff could not recover rent for the next quarter.

     76 N.Y.S.—12

Appeal from trial term, New York county.

Action by Adelia Duane Ireland against the United States Mortgage & Trust Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Lyman E. Warren, for appellant.

Julien T. Davies, for respondent.

INGRAHAM, J. The facts in this case were not disputed. The plaintiff, being the owner of certain property upon Fifth avenue, in the city of New York, by a lease dated April 1, 1886, leased the premises to one Richard De Logerot for 21 years and 19 days from the 12th day of April, 1886, the said term ending on the 1st day of May, 1907, at the yearly rent of $23,000, payable in equal quarterly payments on the 1st days of October, January, April, and July in each year. The tenant was to pay all taxes and assessments, and also to make certain alterations and improvements in the building upon the said premises, which should cost not less than $50,000. The tenant appears to have entered into possession of the premises, and continued therein until the year 1893, when he entered into an agreement with the defendant, dated April 7th in that year. That agreement recites the making of the lease from the plaintiff to De·Logerot; that De Logerot borrowed from the defendant the sum of $60,000, and had executed a mortgage upon the lease to secure the payment of that sum; that De Logerot was desirous of providing a way and means to the easy extinguishment of the said indebtedness, "and to have the benefit of the aid and services of the said parties of the second part in the collection of the rents of the said premises and the care and custody thereof, and the management of the same, and to that end has employed them therein and thereabout, such employment only to be determined upon the repayment of said loan, and all interest and all moneys paid, laid out, and expended by them in such care, custody, and management"; and it was therefore agreed "that the said party of the first part [De Logerot] has, and hereby does, retain, employ, and engage the said parties of the second part [the defendant] as his sole agents to take the sole care, charge, and management of said premises, and does hereby make, constitute, and appoint them his attorneys in fact irrevocable, with full power and authority to take possession of the said demised premises, and thereupon to collect and receive from time to time all rents that are now or may hereafter become due and owing from any and all the subtenants of said premises, or any part thereof; * * * to lease and rent any portion or the whole of said premises, and from time to time to renew such leasing or renting; * * * to make repairs, alterations, and additions to the said premises: provided, that in any case no alteration or addition shall be made involving a greater expenditure than the sum of two hundred dollars without in the first place obtaining the consent in writing of the said party of the first part; * * * that out of the rents and moneys

so received by the said parties of the second part they shall first pay and discharge any and all ground rent provided to be paid in and by said first-recited lease at the times and in the manner therein provided, and all taxes, assessments, water rents, insurance premiums, both fire and of rentals, and all necessary and proper charges for repairs, alterations, and additions, and costs and expenses in the running, care, and management of said premises, and in and about any and every suit or action that may be brought or maintained as aforesaid, and thereafter they shall keep and retain to their own absolute use, as compensation for their services in and about the premises, the sum of three per centum on the gross annual receipts which the said premises shall produce for rent or otherwise; that thereafter, out of the net receipts remaining after the payments hereinbefore provided for, the said parties of the second part shall take and apply every six months the sum of five thousand dollars for and on account of the principal of the said herein-recited mortgage to them, together with all interest thereon." It was further agreed that the defendants should keep the premises in a good and proper condition, and should rent and lease the same to the best advantage, and do their utmost to promote the best interest of the party of the first part; that the defendants should not be required or expected to make advances to meet the payments required by the agreement, but all such payments, it was understood and agreed, should be made out of the moneys that should be derived from the said rents or otherwise, and, should the same at any time be insufficient to meet the said payments as the same severally became due, the defendants were to have the right to call upon the tenant to make up such deficiency, and upon a failure to do so then the defendants could, at their election, declare the said mortgage to be and become immediately due and payable. It appeared that after the execution of this agreement the defendant took possession and control of the leased premises, and collected the rents of the same from that time until and including March 31, 1899, upon which day it surrendered possession thereof to the plaintiff; that prior to December 31, 1898, the amount that the defendant paid to the plaintiff, and for taxes, assessments, and other disbursements, which, by the third clause of the agreement, were to be first paid out of the rents received, exceeded the amount that it had received for rents by the sum of $26,095.59, and it was admitted by the defendant that these amounts thus disbursed were "for ground rent provided to be paid in and by the lease, taxes and assessments, water rents, insurance premiums, both fire and of rentals, necessary and proper charges for repairs, alterations, and additions, costs and expenses in the running, care, and management of the said premises, and in or about every suit or action brought or maintained. In other words, these disbursements that we refer to are every one of them, with the exception of the $15,000 of principal and interest that we have specifically agreed upon, made for the items of what I will call the "first class of disbursements agreed to be made by the defendant under the agreement of April 7, 1893"; so that the result of the defendant's carrying out the agreement was that the defendant had paid out all the rents received, and, in addi-

tion thereto, the sum of $26,095.59. During the period from January 1, 1899, to March 23, 1899, the defendant received $7,251.59 for rents that it collected. It paid out for disbursements made as provided for by subdivision 3 of the agreement the sum of $3,327.55, leaving of the rents collected during that period, and not expended for disbursements paid during the period, the sum of $3,928.98. This action is brought by the landlord to recover the rent due under the lease to the plaintiff from the tenant due April 1, 1899. The plaintiff claims to recover upon two distinct theories: First. That under this agreement the defendant agreed with the tenant to pay the amount due to the landlord for rent; that such an agreement was an original promise, based upon a good consideration, paid by the tenant for the benefit of the landlord, and which agreement the landlord could enforce, under the principle established in Lawrence v. Fox, 20 N. Y. 268; and, second, if this agreement did not contain an original promise made by the defendants to pay the rent due to the plaintiff under the lease, the defendants were mortgagees of the lease in question, and as such were personally liable to pay the rent as it became due. To entitle a third party to maintain an action to enforce a promise to which he was not a party, it must appear that the promise was made by the defendant upon a valid consideration for the plaintiff's benefit. This principle is thus stated in the late case of Clark v. Howard, 150 N. Y. 238, 44 N. E. 697:

"Where a debtor transfers property to a third party in consideration of his promise to pay a debt to the creditor, the latter may accept and adopt the promise, when it becomes known to him, and maintain an action upon it. When the promise in such case is the consideration or condition upon which the third party has received the debtor's property, he thereby makes the debt his own, and assumes an independent duty of payment, irrespective of the liability of the principal or original debtor. It has therefore been established that, where the promise was not made for the benefit of the person seeking to enforce it, no action will lie."

As was said by Rapallo, J., in Garnsey v. Rogers, 47 N. Y. 233, 7 Am. Rep. 440:

"I do not understand that the case of Lawrence v. Fox has gone so far as to hold that every promise made by one person to another, from the performance of which a third could derive a benefit, gives a right of action to such third party, he being privy neither to the contract nor the consideration. To entitle him to an action, the contract must have been made for his benefit. He must be the party intended to be benefited."

And this was reaffirmed in Pardee v. Treat, 82 N. Y. 385, where Judge Andrews says:

"We think the true result of the decisions upon the effect of an assumption clause in a deed is that it can only be enforced by a lienor, where in equity the debt of the grantor secured by the lien becomes, by the agreement between him and his grantee, who assumes the payment, the debt of the latter. On the other hand, if the assumption is in aid of the grantor, upon the security of the land, and not as between them, a substitution of the liability of the grantee for that of the grantor, or, in other words, if in equity, as at law, the grantor remains the principal debtor, then the assumption clause is a contract between the parties to the deed alone, and the liability of the grantee, for any breach of his obligation, is to the grantor only."

See, also, Seward v. Huntington, 94 N. Y. 104; Beveridge v. Railroad Co., 112 N. Y. 1, 19 N. E. 489, 2 L. R. A. 648.

This agreement was not made for the benefit of the plaintiff; nor was it ever contemplated by either of the parties to it that this defendant should assume any obligation under it to pay to the plaintiff the rent due upon the lease.   The object of the agreement, as stated, was to provide a way and means to the easy extinguishment of the tenant's indebtedness to the defendant, and to have the benefit of the aid and services of the defendant in the collection of the rents of the premises, the care and custody thereof, and the management of the same; and to accomplish this result the tenant retained, employed and engaged the defendant as his sole agent to take the sole care, charge, and management of the premises, and he made the defendant his attorney in fact to take possession of the demised premises, and to collect and receive, from time to time, all rents that should be receivable therefor.   Under this agreement it could not be disputed but that the defendant was accountable to the plaintiff for the rents received.   The parties to the agreement had agreed as to the disposition that the defendant should make of the rents as they should be received by the defendant; but this covenant was one solely between the parties to the agreement, and was for their sole benefit. It is not claimed but that the defendant has paid for these charges a sum largely in excess of the amount of rent that it had received from the subtenants, and certainly, under this agreement as between the defendant and De Logerot, the defendant has fully complied with its obligations.   Upon an accounting between De Logerot and his agent, the defendant, there would be no sum due to De Logerot.   There was no separation of periods requiring the defendant under the contract to pay the rents derived for any one year, or quarter of a year, in any particular manner.   Its obligation was to apply all the rents that it had received during the whole term that the agreement was to continue.   All of the rents that it had received during the period that the agreement continued were applied by the defendant in the payment of the charges specified in the third clause of the agreement, which were to be a first charge upon such receipts.   These payments all inured to the benefit of the plaintiff.   They were, in effect, a part of the rent required to be paid by De Logerot, and the defendant was entirely justified under the agreement in applying the rents as they became due to the actual payment of these various charges; and the fact that the defendant had paid such charges before the rents had been actually received by it would not prevent the defendant from applying the rents subsequently received upon the account of the charges that it had before paid.   Nor was there any obligation upon the defendant to pay the rent due plaintiff as an independent promise.   It took possession of the premises as the agent of De Logerot for his benefit.   It was to apply the rents received for the benefit of De Logerot as his agent.   By the eighth clause of the agreement it was expressly provided that the defendant should not be bound to advance any money in the payment of these obligations of De Logerot, except such as it should receive from the rent of the premises.   This expressly negatived any personal obligation of the defendant to pay any of De Logerot's obligations to plaintiff.

We also think it clear that the defendant was not a mortgagee in

possession of the premises.   It took possession not as mortgagee, nor as entitled of its own right to the premises or the rents thereof, but under an agreement with De Logerot, who was entitled to the possession of such premises, as his agent, and as his agent only. There was no assignment of this lease between the plaintiff and De Logerot to the defendant, but the possession of the defendant and its rights to collect the rents were solely as the agent of De Logerot. The possession of the defendant was not as mortgagee, or for the enforcement of its right to the premises because of that relation, but as the agent of De Logerot under a specific agreement with him as to the disposition of the proceeds of the property that as such agent it should receive.   This possession was entirely inconsistent with the right of a mortgagee in possession.   It is well settled that "the mere fact that the mortgagee receives the rents and proceeds does not constitute him chargeable as a mortgagee in possession.   Nor is it sufficient that there is a merely constructive possession, or a possession by virtue of any other right than that of the mortgage."   20 Am. & Eng. Enc. Law (2d Ed.) 1010.   Certainly, as between De Logerot and the defendant, the latter could not have claimed the right to retain possession of the premises as a mortgagee in possession; and as it was not a mortgagee in possession as between itself and the mortgagor, it certainly was not mortgagee in possession as to third parties.   Nor could the defendant be charged with the rent that became due on April 1, 1899.   It is conceded that defendant surrendered possession of the premises to the plaintiff on the 31st of March, 1899, the day before this rent became due.   When there is a surrender before rent due, there is no apportionment of rent up to the day of surrender.   The rent for the whole of the period not then due is extinguished.   McAdam, Landl. & Ten. (3d Ed.) 1279, and cases cited.

It follows that upon no principle could the plaintiff maintain this action, and that the direction of a verdict for the defendant by the learned trial judge was clearly correct.   We think, therefore, the judgment appealed from should be affirmed, with costs.

HATCH and LAUGHLIN, JJ., concur.   VAN BRUNT, P. J., and PATTERSON, J., concur in result.