### CAGLIOSTRO v. GALGANO.

(Supreme Court, Appellate Term. October, 1910.)

1. MORTGAGES (§ 5*)—TRANSACTION CONSTITUTING.

Where it appears that a transaction was a pledge of an interest as security for a debt, it will be construed as a mortgage, though designated and in form a deed or lease.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 4; Dec. Dig. § 5.*]

2. MORTGAGES (§ 7*)—TRANSACTION AS MORTGAGE.

A sublease to secure a debt, and to be canceled on payment, under an agreement that the sublessor would account to the sublessee as to rents received above disbursements, created the relation of mortgagor and mortgagee, and not of landlord and tenant; and the relation was not affected by a subsequent agreement by the debtor, after default in paying an installment of the debt, that he would pay to the creditor the rent each month until the installment should be paid, and hence the creditor could not maintain summary proceedings against the debtor on further default.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 6; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceedings by Antonio Cagliostro against Nicola Galgano. Judgment for Cagliostro, and Galgano appeals. Reversed, and proceedings dismissed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Fraser & Oshlag, for appellant.

Robert B. Knowles, for respondent.

PAGE, J. On or about July 1, 1903, the premises were leased by the executor of the estate of Sophia F. Whitney to Nicola Galgano for the term of 20 years and 8 months. On the 1st day of December, 1909, Galgano, who was indebted to Cagliostro in the sum of $7,000, borrowed an additional $2,000 and executed his bond, whereby he bound himself to pay Cagliostro $2,000 on the 1st day of March, 1910, and $7,000 on the 1st day of December, 1910, with interest at 6 per cent. per annum, payable quarterly. Simultaneously with the delivery of the bond, there was delivered a lease by Galgano to Cagliostro of the premises for a term of 7 years, in consideration of the sum of $9,000, wherein it was agreed that Galgano, as agent of Cagliostro, "will collect the rents of said premises, and from the proceeds will pay all expenses and comply with the terms and conditions of the leases and agreements hereinbefore referred to and described

[the lease from the Whitney estate and agreements relating thereto made in modification thereof], and will pay the rent reserved to the owner in the lease first mentioned, * * * rendering unto the party of the second part from time to time, as demanded, a full, correct, and complete statement of account of rents received and disbursements made."

There was also at the same time executed and delivered an agreement between Galgano, of the first part, and Cagliostro, of the second part, reciting the bond and lease, and whereby it was agreed that, if Galgano shall pay unto Cagliostro the said sum of $9,000 mentioned in the said bond and as therein provided, then the said lease for the term of 7 years shall be surrendered and canceled. It is also agreed that the whole of said sum of $9,000 shall become due and payable upon default in the payment of any of the installments of principal and interest, as provided in said bond, and upon default in the performance of any of the terms, covenants, or conditions contained in the Whitney lease. It is further agreed that in the event the rents received from said premises in any month shall be insufficient to pay the monthly proportion of the annual expenses and disbursements of said premises, including water rates, insurance, etc., and in the event of the default of the party of the first part, as hereinbefore provided, the party of the second part may enter upon the premises without further notice, collect the rents, and pay unto himself the amount due on said indebtedness, together with the interest thereon and the necessary and lawful expense, including attorney's fees, of entering upon said premises and collecting the rent therefrom.

Galgano made default in the payment of the $2,000 on the 1st day of March, 1910. On June 2, 1910, Galgano gave to Cagliostro the following:

"I will pay the rent for June, 1910, of the premises No. 188 Bleecker street and 87 to 89 MacDougal street, New York City, five hundred and ninety-six ($596) dollars, to Antonio Cagliostro on or before June 10, 1910, and will pay the monthly rent of $596 hereafter on or before the 10th of each month until the amount due on March 1, 1910 is fully paid."

On June 10, 1910, Galgano paid $225, and Cagliostro told him that he would dispossess him the next day, and these proceedings were commenced on the 11th day of June—the petition alleging that Galgano, as tenant, had hired of Cagliostro the premises, and in said agreement undertook and promised to pay the sum of $596 per month, payable on the 10th day of each month, for use and occupation of said premises; that the tenant entered into possession of said premises, and still occupies the same; that on the 10th day of June, 1910, there was due to said landlord under and by virtue of said agreement the sum of $371 for a balance of one month from the 1st day of June, to the 1st day of July, 1910.

The court below erred in granting the final order, as the relation of landlord and tenant were not shown to exist. The papers executed and simultaneously delivered must be read together. They were a bond to secure the payment of $9,000, a lease for 7 years of Galgano's

term under the Whitney lease, and an agreement that, upon the payment of the $9,000 as provided in the bond, the lease would be canceled. Courts are not concluded by the designation or form of the instruments which the parties have adopted, and where it appears that the real transaction was a pledge of an interest in real or personal property as security for the payment of a debt, and that on the payment of the debt the security is to be canceled or surrendered, the instruments will be construed as a mortgage, whether the parties have designated them "deed" or "lease," and have used forms appropriate to such instruments. In the case at bar, Galgano pledged 7 years of his term to secure the payment to Cagliostro of $9,000, and therefore the relation created by the instruments dated December 1, 1909, was that of mortgagor and mortgagee, and not that of landlord and tenant.

The agreement of June 2, 1910, by Galgano, after default in paying the $2,000 due March 1st, that he would pay to Cagliostro the rent of the premises, amounting to $596, on the 10th day of June, and on the 10th of each month thereafter until the $2,000 was repaid, did not change the relation that the parties bore to each other. Galgano was bound by his agreement to pay the rent reserved in the Whitney lease, and to render to Cagliostro an account thereof. On June 2d the parties agreed that the rents should be turned over to Cagliostro, and by him applied upon the installment of the debt then due. The relation is still that of mortgagor and mortgagee. The amounts to be paid are not for use and occupation, or for rent reserved, but are to be applied in reduction of the mortgage debt.

The order should be reversed, with costs to the appellant, and the proceedings dismissed, with costs. All concur.