The learned trial court erred in charging at folio 380, without qualification, that " a person driving an automobile at a speed which prevents stopping within the length of vision is negligent as a matter of law." Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

ANNA GERKEN DORNHEIM and BETTY KLINDWORTH, Respondents, v. RICHARD VOM LEHN, JR., Appellant.— Order denying defendant's motion to dismiss the complaint affirmed, with ten dollars costs and disbursements, with leave to defendant to serve an answer within ten days after entry of the order herein and payment of said costs. No opinion. Lazansky, P. J., Kapper, Hagarty and Davis, JJ., concur; Carswell, J., dissents, with the following memorandum: I incline to the view that the principle of Ireland v. United States Mortgage & T. Co. (72 App. Div. 95; affd., 175 N. Y. 491) is determinative of this case in favor of the defendant, especially as the two documents (the absolute assignment and the agreement, Exhibit A) were executed simultaneously, the plaintiffs having knowledge of the agreement and its effect on the assignment. A further ground for dissent is the presence of a reversionary interest in the lease in the Atlantic Avenue Corporation.

ATTILIO FELCI, Respondent, v. AMERICAN RAILWAY EXPRESS COMPANY, Appellant. (Appeal No. 1.) — Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

ATTILIO FELCI, Respondent, v. AMERICAN RAILWAY EXPRESS COMPANY, Appellant. (Appeal No. 2.) — Order denying motion for a new trial on the ground of newly-discovered evidence unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

ADELE FIEDLER, Respondent, v. GEORGE FIEDLER, Appellant. (Appeal No. 1). — Judgment reversed on the law and the facts, the complaint dismissed, and judgment of separation awarded the defendant against the plaintiff upon the counterclaim, without costs. In our opinion the findings and judgment in plaintiff's favor are against the weight of the evidence, and the greater weight of proof establishes the right of the defendant to a separation because of plaintiff's misconduct. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice.

ADELE FIEDLER, Respondent, v. GEORGE FIEDLER, Appellant. (Appeal No. 2.) — Order awarding an additional counsel fee of $450 to the plaintiff reversed on the law and the facts, without costs, and motion denied, without costs, this court having held that the plaintiff's action is without merit and having dismissed her complaint and awarded judgment to the defendant for a separation on his counterclaim, the plaintiff is entitled to no further allowance. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

ROSE FITZGERALD, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

I. ARTHUR GANGER, Appellant, v. GRACE COFFEE SHOP, INC., and NEW CENTER LUNCHEONETTE, INC., Sued Herein as " John Doe," Respondents.* — Judgment modified by incorporating therein the provision that the complaint is dismissed without prejudice, and as so modified the judgment is affirmed, with costs. We

* Affd., 262 N. Y. —.