■ Vito DiFigola et al., Appellants, v Horatio Arms, Inc., et al., Respondents.—Order and judgment (one paper) of Supreme Court, New York County (Harold Baer, Jr., J.) entered October 16, 1991 which, inter alia, adjudged that plaintiffs' shares of stock and proprietary lease appurtenant to apartment 2P at 92 Horatio Street, New York, N. Y., are subject to a first lien of Horatio Arms, Inc. in the amount of $32,465.81, unanimously modified on the law and the facts, insofar as to delete the provision of the order imposing the lien on plaintiffs' interest in the subject apartment for accrued maintenance arrears, interest thereon and late charges, and otherwise affirmed. Order and judgment (one paper) of the same court and Justice, also entered on October 16, 1991 which,

*inter alia,* adjudged that plaintiffs' shares of stock and proprietary lease appurtenant to apartment 3D at 92 Horatio Street, New York, N. Y., are subject to a lien of defendant Yorkville Federal Savings and Loan Association and awarded said bank a judgment in the amount of $37,377.61, unanimously modified on the law and the facts, to delete the provisions which imposed a lien in the sum of $17,799.48 upon plaintiffs' ownership interest in apartment 3D at 92 Horatio Street, New York, N. Y., for maintenance charges paid by Yorkville Federal Savings and otherwise affirmed, with one bill of costs of these appeals.

The subject building, located at 92 Horatio Street in Manhattan, was converted to cooperative ownership in August 1980. Plaintiffs held two unrelated judgments totaling $179,700.00 against one of the principals of Wilkinson-Morningside, Inc., the sponsor. The shares of stock and proprietary leases for apartments 2P and 3D in the subject premises were pledged as security for payment of the judgment debtor's obligations. Pursuant to an agreement between Wilkinson-Morningside and the plaintiffs, the shares and proprietary leases were transferred to plaintiffs' counsel, as escrowee, in return for plaintiffs' promise to stay execution of the judgments until 1983. Upon payment of the judgments, the escrowee was to reassign the stock certificates and leases to the sponsor. However, in the event the judgments were not paid, the escrowee was authorized to transfer the stock and proprietary leases to the plaintiffs. The judgments were never paid despite the fact that plaintiffs allowed the judgment debtor additional time to pay. Furthermore, although the sponsor agreed that neither it nor its shareholders, directors or officers would encumber, sell, transfer, assign, or exercise dominion and control over the apartments, new stock and a new proprietary lease appurtenant to apartment 2P were issued to an individual unrelated to any of the parties, and the stock and proprietary lease appurtenant to apartment 3D were pledged by the sponsor to the defendant bank as collateral for a loan.

Where the holder of a leasehold interest, as security, is not in possession of the leased premises, he or she is not personally liable to the lessor on the covenant to pay rent (74 NY Jur 2d, Landlord and Tenant, § 703; *Ireland v United States Mtge. & Trust Co.,* 72 App Div 95, *affd* 175 NY 491). Moreover, whether a lease is intended to create a security interest depends upon the facts of each case, rather than on the form of the agreement *(All Good Leasing Corp. v Bimco Indus.,* 143 AD2d 788). Here it is not disputed that the proprietary leases

and the stock appurtenant to both apartments were transferred to the plaintiffs' counsel as security for two outstanding judgments plaintiffs had obtained against a principal of the corporate sponsor.

Even though plaintiffs argued against their liability for maintenance arrears only on Real Property Law § 223 grounds at IAS, they are not precluded from making a different legal argument on appeal. While new facts may not be interjected at the appellate level (Block v Magee, 146 AD2d 730, 732), an issue which was not raised before the trial court is reviewable on appeal if the question presented is one of law, " 'which appeared upon the face of the record and which could not have been avoided by [the respondent] if brought to [his or her] attention at the proper juncture' " (supra, at 732, quoting Matter of Knickerbocker Field Club v Site Selection Bd., 41 AD2d 539, 540, citing Matter of Burkins v Scully, 108 AD2d 743, 744; Matter of Block v Franklin Sq. Union Free School Dist., 72 AD2d 602).

The record demonstrates that plaintiffs' attempts to obtain possession of the apartments when the judgments went unpaid were sufficient to render the doctrine of laches inapplicable. Since the plaintiffs would have had to buy out the statutory tenant residing in apartment 3D to obtain possession in any event, it was properly determined that their claim to the proprietary lease and stock was subject to the defendant bank's lien for the amount it paid to the statutory tenant, to vacate the apartment. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Asch, JJ.