Financial Guar. Ins. Co. v Morgan Stanley ABS Capital I Inc. (2018 NY Slip Op 06057)





Financial Guar. Ins. Co. v Morgan Stanley ABS Capital I Inc.


2018 NY Slip Op 06057


Decided on September 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 13, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


652914/14 6154 652853/14 6153

[*1]Financial Guaranty Insurance Company, Plaintiff-Respondent,
v
Morgan Stanley ABS Capital I Inc., et al., Defendants-Appellants.
Financial Guaranty Insurance Company, Plaintiff-Respondent,
v
Morgan Stanley ABS Capital I Inc., et al., Defendants-Appellants.


Davis Polk & Wardwell LLP, New York (Brian S. Weinstein of counsel), for appellants.
Patterson Belknap Webb & Tyler LLP, New York (Erik Haas of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 19, 2017, in index no. 652853/14, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss with prejudice the first, second and third causes of action (alleging breaches of warranties and of the insurance agreement), unanimously affirmed, without costs. Order, same court and Justice, entered January 23, 2017, in index no. 652914/14, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the cause of action for fraudulent inducement and the claim for damages for all insurance claim payments, unanimously modified, on the law, to grant the motion as to the cause of action for fraudulent, inducement and otherwise affirmed, without costs.
Plaintiff, a monoline financial guaranty insurer, commenced two separate actions seeking to hold defendants liable for damages in connection with insurance payments it made on certain certificates that were issued in two separate transactions: 1) With regard to index no. 6528153/14, plaintiff issued a financial guaranty insurance policy guaranteeing payments on certain certificates that were issued in a securitization of securities (from previous securitization) supported by residential mortgage loans; and 2) with regard to index no. 652914/2014, plaintiff issued a financial guaranty insurance policy guaranteeing payments on certain certificates that were issued in a residential mortgage-backed securitization.
In index no. 652914/14, defendants failed to preserve their argument that plaintiff cannot recover for insurance payments that were not caused by their alleged breaches or misrepresentations. However, we will consider the argument because it does not involve any new facts and could not have been avoided by plaintiff if defendants had made it before the motion court (see e.g. DiFigola v Horatio Arms, 189 AD2d 724, 726 [1st Dept 1993]), and because it is essentially the same as the argument defendants make in index no. 652853/14, that plaintiff cannot recover for insurance payments that were not caused by their alleged breaches of contract.
As to the breach of contract action, defendants are correct that plaintiff "is not entitled to damages amounting to all claims payments it made or will make under the policies, regardless of whether they arise from a breach or misrepresentation" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 151 AD3d 83, 88 [1st Dept 2017], affd __ NY3d __, 2018 NY Slip Op 04686 [June 27, 2018]). However, that does not entitle defendants to the dismissal they seek, since it [*2]cannot be determined as a matter of law, on this pre-answer motion to dismiss, that no part of plaintiff's losses was caused by a breach of misrepresentation by defendants rather than by the 2007 housing and credit crisis (see MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 296 [1st Dept 2011]). We note that, in index no. 652853/14, plaintiff concedes that its damages must result from defendants' breaches of contract and that, in index no. 652914/14, plaintiff says it will prove that all of its claims payments were caused by defendants' misrepresentations. Thus, plaintiff will abide by Ambac.
In index no. 652914/14 defendants contend, and we agree, that plaintiff's fraud claim should be dismissed as duplicative of its contract claims. An action for fraud may be dismissed where the damages sought are duplicative of the damages sought for breach of contract (see e.g. MBIA Ins. Corp. v. Credit Suisse Sec. [USA], LLC, [decided herewith]; Manas v VMS Assoc., LLC, 53 AD3d 451, 454 [1st Dept 2008]). In Manas, an employee alleged both fraud and breach of contract and sought to recover salary and bonuses under the employer's short- and long-term compensation plans under the fraud claim; this Court dismissed the fraud cause of action because the damages were the same as those sought under the breach of contract claim (id.).
In this case, under the fraud claim, plaintiff essentially seeks compensatory damages, which are no different from rescissory damages, to which plaintiff is not entitled. "Payment of [compensatory] damages would place [plaintiff] in the same position it would be in if it had not insured any of the securities — the equivalent of rescissory damages" (Ambac, __ NY3d at __, NY Slip Op 04686, *3; see also MBIA Ins. Corp. v Countrywide Home Loans, Inc., 105 AD3d 412 [1st Dept 2013] [precluding financial guaranty insurer that had issued irrevocable policies from obtaining rescissory damages]). Since plaintiff can only recover insurance payments caused by the alleged misrepresentations and breaches, the only damages plaintiff could recover on its fraud claim are those resulting from the non-conforming loans, which are precisely the damages plaintiff is entitled to recover on its breach of contract claims (see MBIA Ins. Corp. v Credit Suisse Sec. [USA], LLC, et al, supra).
The fact that plaintiff seeks different types of interest on its fraud and contract claims does not save the claims from being duplicative (see generally Grobman v Chernoff, 15 NY3d 525, 529 [2010] ["damages and prejudgment interest are not the same thing"]). Nor does plaintiff's request for punitive damages on its fraud claim distinguish that claim from its contract claim (see e.g. Mosaic Caribe, Ltd. v AllSettled Group, Inc., 117 AD3d 421, 422-423 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 13, 2018
CLERK