■ WE'RE ASSOCIATES, INC., Appellant, v F.W. KOEHLER & SONS, INC., Defendant and Third-Party Plaintiff-Respondent. CONSOLIDATED BRICK AND BUILDING SUPPLIES, INC., et al., Third-Party Defendants-Respondents. [624 NYS2d 619] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated May 1, 1992, as granted that branch of the defendant's cross motion which was to dismiss its first cause of action.

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the plaintiff's first cause of action, and the defendant's third-party claims against Consolidated Brick and Building Supplies, Inc., and Merry Brothers Brick, a division of Boral Bricks, Inc., are reinstated.

The plaintiff alleged in its amended complaint that it is a New York corporation which owns an office building located at Old Sod Farm Road, Melville, New York. The plaintiff entered into a contract with the defendant F.W. Koehler & Sons, Inc. (hereinafter Koehler), whereby Koehler agreed to supply and install white Norman-Size Face Bricks to the exterior walls of the building. Consolidated Brick and Building Supplies, Inc. (hereinafter Consolidated Brick), distributed the masonry material and the bricks. Merry Brothers Brick, a division of Boral Bricks (hereinafter Merry Brick), manufactured the masonry material and supplies.

The plaintiff asserted a cause of action to recover damages for breach of contract against Koehler, alleging that the brick began spalling and chipping. The plaintiff further contended that it had some of the spalling brick removed and had to install a protective canopy to prevent passersby from being injured by the falling debris. The plaintiff alleged that it had incurred substantial damages and will be compelled to hire other contractors to correct the defects in the exterior walls. Koehler asserted third-party claims against Consolidated Brick and Merry Brick for indemnity and/or contribution. During discovery, the plaintiff admitted that it did not own the building. Rather, We're Developing Company, a partnership made up of the same principals as the plaintiff, owned the building. The plaintiff was the builder.

The Supreme Court granted that branch of Koehler's cross motion which was to dismiss the first cause of action and, because the third-party claims were dependent upon the main action, the court also dismissed the third-party actions. We reverse. The plaintiff was in contractual privity with Koehler and the plaintiff properly alleged damages measured by the cost of remedying the defect *(see, Bellizzi v Huntely Estates,* 3 NY2d 112, 115; *Sherman v Hanu,* 195 AD2d 810; *Van Deloo v Moreland,* 84 AD2d 871; *American Std. v Schectman,* 80 AD2d 318). The fact that Koehler's promise benefited a third person does not prevent enforcement of the promise by the plaintiff *(see,* Restatement [Second] of Contracts § 305). Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.