■ JAYNE CAMPBELL, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [631 NYS2d 932] —In a negligence action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Price, J.), dated May 12, 1994, as denied its motion for summary judgment without prejudice to renewal upon the completion of discovery, and granted so much of the plaintiff's cross motion which was to compel the appellant to fully comply with her discovery demand dated November 11, 1993, and (2) an order of the same court, dated July 6, 1994, denying its motion for reargument of its prior motion for summary judgment.

Ordered that the appeal from the order dated July 6, 1994, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 12, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On November 9, 1988, the plaintiff suffered personal injuries allegedly resulting from a defective sidewalk condition in front of 91-00 Parsons Boulevard in Queens. The plaintiff served the appellant with two notices of discovery and inspection dated March 22, 1993, and November 11, 1993, respectively, relating, *inter alia,* to all drawings and plans "for all Airshafts, Vaults, and Sidewalk grates which existed on November 9, 1988, for the location of sidewalks and streets in front of 91-00 Parsons Boulevard between Jamaica Avenue and Archer Avenue, Queens NY and including the areas in all directions within 4 blocks of the above location".

The appellant did not respond to those discovery demands, nor did it move for a protective order. By notice of motion dated April 22, 1994, the appellant moved for summary judgment, claiming that it did "not own any metal grating's *[sic]* on Parsons Boulevard and Jamaica Avenue between Archer Avenue and Jamaica Avenue on the West side of the street *nor* does a subway line run directly beneath that location". It annexed a copy of deposition testimony of one of its employees that the sidewalk gratings at the site of the plaintiff's injury were not the same size as the gratings used by the appellant, and a map of the "Archer Avenue Canopy". The plaintiff cross-moved to compel the appellant to comply with its discovery demands, claiming that "the above discovery is absolutely necessary in order to determine the owner of those grates". In opposition to the cross motion, the appellant submitted two

diagrams of the "subject area", and claimed that the additional items demanded in the notice for discovery and inspection dated November 11, 1993, did not exist. In the order appealed from dated May 12, 1994, the motion for summary judgment was denied without prejudice to renewal upon the completion of all discovery, and the cross motion was granted to the extent of compelling the appellant to comply with the notice for discovery and inspection dated November 11, 1993.

The appellant then made a second motion, denominated a motion "to reargue and/or renew". The "new" material was its response to the notice of discovery and inspection dated March 22, 1993. The plaintiff, in opposition, reiterated that discovery was not complete: it noted that the notice for discovery and inspection dated November 11, 1993, demanded maps for a four-block area, while the maps submitted depicted a smaller area, and that the maps submitted were "illegible, cut off, without legends". The motion was denied in the order appealed from dated July 6, 1994.

The appellant's motion to "reargue and/or renew" contained a belated response to the notice for discovery and inspection dated March 22, 1993, which could have been submitted on the original motion. Accordingly, the motion was, in effect, for reargument. Since no appeal lies from an order denying reargument, the appeal from the order dated July 6, 1994, must be dismissed (see, We're Assocs. v Koehler & Sons, 213 AD2d 478).

The appellant's motion for summary judgment was properly denied as premature, since the appellant failed to comply with discovery obligations (see, Soto v City of Long Beach, 197 AD2d 615; Bank of N. Y. v Hyland, 130 AD2d 942). The maps submitted by the appellant did not cover a four-block area, as demanded in the notice for discovery and inspection dated November 11, 1993, and shaded areas were not identified by legends.

This Court has held that the " 'mere hope' that evidence sufficient to defeat the motion may be uncovered during the discovery process" is not enough to defeat a motion for summary judgment (Mazzaferro v Barterama Corp., 218 AD2d 643). However, here the information sought was clearly specified in a pending discovery demand and would be relevant to whether the appellant had dominion and control over the site of the accident (see, Kracker v Spartan Chem. Co., 183 AD2d 810, 813).

Accordingly, the motion for summary judgment was properly denied as premature. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.