■ RAY AHMADI, Appellant, v LOUIS ROMANO et al., Respondents. [640 NYS2d 786] —In an action to recover damages for injury to property, the plaintiff appeals (1) from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated September 23, 1993, as denied his motion pursuant to CPLR 3025 (b) for leave to serve an amended complaint to assert a cause of action to recover damages for personal injuries, (2) from an order of the same court, dated December 5, 1994, which, *inter alia,* denied the plaintiff's "application to set aside the jury verdict as inadequate", and (3) on the ground of inadequacy, from a judgment of the same court, dated February 9, 1995, which is in favor of the plaintiff and against the defendants in the principal sum of $16,000.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

It is well settled that a motion to amend a pleading should be freely given absent a showing of prejudice or surprise to the opposing party. Whether to grant or deny leave to amend is committed to the Supreme Court's discretion (*see,* CPLR 3025 [b]; *Zacher v Oakdale Islandia Ltd. Partnership,* 211 AD2d 712). Given that the plaintiff waited for over seven years before seeking to assert his claim to recover for personal injuries, the nature of the injuries claimed by the plaintiff, and the lack of any corroborating evidence of the plaintiff's injuries, we find that amendment of the complaint would both surprise and prejudice the defendants.

The plaintiff's remaining contentions are without merit. Balletta, J. P., Ritter, Pizzuto and Altman, JJ., concur.