■ JAMES BROWN, Respondent, v EDWARD C. ZAINO et al., Appellants. [641 NYS2d 111] —In an action to recover damages for

wrongful death and personal injuries, (1) Helen Marks appeals and Edward C. Zaino, Felix A. Monaco, and Mercy Medical Center, s/h/a Mercy Hospital, separately appeal, from an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 22, 1994, which granted reargument of the appellants' respective motions to dismiss the complaint as barred by the Statute of Limitations, which were determined by orders of the same court, dated July 13, 1994, and July 26, 1994, respectively, and upon reargument, denied the appellants' respective motions to dismiss the complaint as barred by the Statute of Limitations; and (2) Helen Marks also purportedly appeals from so much of the same order as failed to grant her motion to dismiss the action as against her for lack of personal jurisdiction.

Ordered that the appeal by Helen Marks from so much of the order as failed to grant her motion to dismiss the action as against her for lack of personal jurisdiction is dismissed; and it is further,

Ordered that the order is otherwise affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the appellants appearing separately and filing separate briefs.

The original action, which was timely brought, was nonetheless dismissed because the plaintiff had not been granted letters testamentary prior to commencing the action. After receiving letters testamentary, the plaintiff commenced this action.

The Supreme Court properly concluded, upon reargument, that this action, which was brought within six months of the dismissal of the first action, was timely commenced (*see*, CPLR 205 [a]; *Carrick v Central Gen. Hosp.*, 51 NY2d 242; *George v Mt. Sinai Hosp.*, 47 NY2d 170; *Snay v Cohoes Mem. Hosp.*, 110 AD2d 1021). The court correctly rejected the appellants' contentions that *Dreger v New York State Thruway Auth.* (81 NY2d 721), in which the Court of Appeals concluded that the plaintiffs' original actions therein were untimely, effectively overruled *Carrick* and *George.*

To the extent that Helen Marks seeks review of the alleged denial of her motion to dismiss the action as against her for lack of personal jurisdiction, we note that the Supreme Court's initial order granted the appellants' respective applications to dismiss the action as untimely, and did not reach Marks's claim that she had not been properly served with the summons and complaint. In opposing the plaintiff's motion to reargue that order, Marks did not raise the issue of personal jurisdiction. It

therefore appears that the issue is pending and undecided by the Supreme Court, such that we may not address the argument on this appeal (*see, Daniels v Judelson,* 215 AD2d 623; *Katz v Katz,* 68 AD2d 536, 542-543). Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.