■ Noreen Kelly, Respondent, v Fleet Bank, Appellant, and Rosmuc Corporation, Doing Business as O'Malley's, Respondent, et al., Defendants. (And a Third-Party Action.) [644 NYS2d 606] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered April 6, 1995

in Rockland County, which denied defendant Fleet Bank's motion for summary judgment dismissing the complaint and all cross claims against it.

In this action, plaintiff seeks to recover for injuries sustained in a November 1, 1992 automobile accident. The vehicle in which plaintiff was riding at the time of the accident had been leased from Goff Rental & Leasing, Inc. (hereinafter Goff Leasing) in July 1988. Pursuant to a preexisting master security agreement between Goff Leasing and Indian Head National Bank, predecessor in interest to defendant Fleet Bank, Indian Head obtained a security interest in the lease at its inception. Although Fleet acknowledges that it held a perfected security interest in the lease at the time of the accident, the complaint alleges that Fleet was the owner and lessor of the vehicle and seeks to impose liability against it as such.

Following joinder of issue and some discovery, Fleet moved for summary judgment dismissing the complaint against it on the ground that it never owned the vehicle but was a mere secured party. Finding that Fleet was in exclusive possession of information germane to the issue that had not been provided to plaintiff despite outstanding discovery demands, Supreme Court denied the motion so as to permit the completion of discovery. Fleet appeals.

We affirm. In support of its summary judgment motion, Fleet produced the August 19, 1988 certificate of title to the vehicle, which showed Goff Leasing to be the owner and Indian Head to be a first lienholder. However, the record also contains evidence that Goff Leasing's parent corporation, Goff Chevrolet, Inc., became insolvent and filed a bankruptcy petition in February 1990. In fact, Fleet appeared in the bankruptcy proceeding in October 1990 and indicated that it had "exercised its rights under [the master security agreement] and [had] taken delivery of all existing assigned leases and records covered by [the agreement] for the purpose of effecting direct collection of all rents, income, proceeds and profits due under [them]". In addition, records of the New Hampshire Department of State indicate that Goff Leasing failed to file reports and/or pay franchise fees for 1990 and 1991 and therefore forfeited its charter effective November 1, 1991. Perhaps most telling, the record contains the deposition testimony of Fleet's senior vice-president, Louis Murray, who indicated that he did not know who owned the vehicle or the lease as of the date of plaintiff's accident.

Under the circumstances, and considering Fleet's wholly unexplained failure to produce a deposition witness with

knowledge of the facts underlying its defense to the action and its failure to comply with discovery demands for its "collateral file" of documents concerning its relationship with Goff Leasing and for documents concerning its involvement in the Goff Chevrolet bankruptcy, Supreme Court did not err in its determination to deny the motion as premature (*see*, CPLR 3212 [f]; *Campbell v City of New York*, 220 AD2d 476, 477; *Casey v Masullo Bros. Bldrs.*, 218 AD2d 907, 908).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.