■ Rosa Fellin et al., Appellants, v Vivek S. Sahgal et al., Respondents. [670 NYS2d 370] —In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated May 16, 1995, as failed to determine those branches of their motion which were to compel the defendants to comply with certain discovery demands or, in the alternative, to strike the defendants' answer.

■ Rosa Fellin et al., Appellants, v Vivek S. Sahgal et al., Respondents. [670 NYS2d 799] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Bellard, J.), entered October 24, 1996, which (1) conditionally granted their motion to strike the defendants' answer, and (2), upon reargument, adhered to so much of a prior order of the same court, dated May 16, 1995, as, *inter alia,* failed to determine those branches of their motion which were to compel the defendants to comply with certain discovery demands.

Ordered that the appeal from so much of the order made upon reargument is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendants are awarded one bill of costs.

In its May 16, 1995, order, the Supreme Court failed to determine those branches of the plaintiffs' motion which were to compel the defendants to comply with certain discovery demands or, in the alternative, to strike the defendants' answer. Upon reargument, the Supreme Court adhered to its original decision, again failing to address those issues. The appeal from that portion of the order made upon reargument must be dismissed because those issues remain pending and undecided (*see, Katz v Katz,* 68 AD2d 536).

Further, the court did not improvidently exercise its discretion to conditionally grant the plaintiffs' motion to strike the defendants' answer (*see, Harris v City of New York,* 211 AD2d 663). Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.