■ IRAJ NASSI, Appellant, v JOSEPH DiLEMME CONSTRUCTION CORP. et al., Respondents. [672 NYS2d 431] —In an action, *inter*

*alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered April 9, 1997, which granted the respective motions of the defendants Joseph DiLemme Construction Corp. and Joseph DiLemme and the defendant Frank Fini for summary judgment dismissing the complaint insofar as asserted against them, and denied his cross motion for leave to amend the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motions are denied, the complaint is reinstated, the plaintiff's cross motion is granted, and the proposed amended complaint annexed to the plaintiff's cross motion is deemed served; and it is further,

Ordered that the defendants' time to serve an answer is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The plaintiff entered into a contract with the defendants to perform construction work on certain property. In his complaint, the plaintiff alleged that he was the owner of the property, and that the work was not performed in a workmanlike manner. When it was learned in discovery that the plaintiff was not in fact the title owner of the property and that his wife was the sole title owner, the defendants separately moved for summary judgment on the ground that the plaintiff did not have standing to bring the action. In response, the plaintiff cross-moved to amend the complaint to assert that his wife owned the premises and that he entered into the contract with the defendants as an agent for his wife.

The Supreme Court improperly granted the defendants' respective motions for summary judgment because the plaintiff was entitled to bring the action in his own name (*see,* Restatement [Second] of Contracts § 305; *We're Assocs. v Koehler & Sons,* 213 AD2d 478). In addition, it is well settled that a motion to amend a pleading should be freely given absent a showing of prejudice or surprise to the opposing party.

The defendants cannot show any surprise or prejudice from the proposed amendment as the plaintiff was also entitled to bring the action as agent for his wife (*see,* CPLR 1004; *Kelly Asphalt Block Co. v Barber Asphalt Paving Co.,* 211 NY 68; *Considerant v Brisbane,* 22 NY 389). Moreover, the amendment does not fundamentally change the nature of the allegations which must be proven by the plaintiff or the defenses available to the defendants. Finally, while there was delay by the plaintiff in making the motion, the defendants cannot demonstrate any prejudice resulting directly from the delay (*see,*

*Slavet v Horton Mem. Hosp.,* 227 AD2d 465; *Ahmadi v Romano,* 226 AD2d 409). Ritter, J. P., Thompson, Friedmann and Goldstein, JJ., concur.