■ VINCENZO PEPE, Appellant, v SHELDON TANNENBAUM et al., Respondents. [691 NYS2d 138] —In an action to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 6, 1997, which dismissed the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and (2) an order of the same court, dated September 11, 1998, which denied his motion, in effect, for renewal and for leave to serve an amended complaint.

Ordered that the appeal from the order dated November 6, 1997, is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the order dated September 11, 1998; and it is further,

Ordered that the order dated September 11, 1998, is reversed, as a matter of discretion in the interest of justice, without costs or disbursements, the plaintiff's motion, in effect, for renewal and for leave to serve an amended complaint is granted, upon renewal the defendants' motion is denied, and the order dated November 6, 1997, is vacated; and it is further,

Ordered that the plaintiff shall serve the amended complaint within 30 days after service upon him of a copy of this decision and order with notice of entry.

The Supreme Court granted the defendants' motion to dismiss the complaint on the ground that the plaintiff failed to plead that he was a licensed home improvement contractor, as required by CPLR 3015 (e) (*see, Cappadona v Salman,* 228 AD2d 632). The plaintiff moved, in effect, for renewal and for leave to serve an amended complaint based on evidence that he was licensed at the time the work on the defendants' home was performed.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion, in effect, for renewal, even though the facts on which it was based were not newly discovered (*see, Scott v Brickhouse,* 251 AD2d 397; *Karlin v Bridges,* 172 AD2d 644, 645). Upon renewal, the Supreme Court should have denied the defendants' motion to dismiss and granted the plaintiff's application for leave to serve an amended complaint. The defendants failed to demonstrate that they would be prejudiced by the amendment, particularly since the amendment does not change the fundamental nature of the allegations in the complaint (*see, Nassi v DiLemme Constr. Corp.,* 250 AD2d 658), and the delay was not inordinate (*see, Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436; *see also, Edenwald Contr. Co. v City of New York,* 60 NY2d 957).

Moreover, the proposed amendment was not clearly without merit. In order to prevail on his cause of action, the plaintiff must prove, *inter alia,* that he was licensed at the time the work was performed (*see, B & F Bldg. Corp. v Liebig,* 76 NY2d 689; *Matter of Scaturro v M.C.S. Landscape,* 212 AD2d 798). The plaintiff submitted a copy of his license and an affidavit in which he stated that he was licensed at the time the work was performed on the defendants' home. The Supreme Court erred in concluding that the proof offered by the plaintiff was insufficient to warrant an amendment of the complaint.

We decline to consider the defendants' contentions regarding General Business Law § 771, as they were not ruled upon by the Supreme Court (*see, Fellin v Sahgal,* 249 AD2d 360; *Brown v Zaino,* 226 AD2d 492). O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.