■ JOSEPH SCALISE et al., Appellants, v ROBERT ADLER et al., Respondents, et al., Defendants. [700 NYS2d 49] —In an action, inter alia, to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered June 12, 1998, as (a) granted that branch of the respondents' motion which was to dismiss the second, third, and seventh causes of action of the amended complaint insofar as they seek to recover damages against the defendant Robert Adler for tortious interference with prospective contractual relations, and (b) purportedly granted that branch of the respondents' motion which was to dismiss the complaint insofar as asserted against the defendants Jones Beach Lifeguard Corps and Council 82, Local 2744, American Federation of State, County & Municipal Employees AFL-CIO, for lack of personal jurisdiction over them.

Ordered that the appeal from so much of the order as purportedly granted that branch of the respondents' motion which was to dismiss the complaint insofar as asserted against the defendants Jones Beach Lifeguard Corps and Council 82, Local 2744, American Federation of State, County & Municipal Employees AFL-CIO, for lack of personal jurisdiction over them is dismissed, as the order did not grant that relief; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The court did not determine that branch of the respondents' motion which was to dismiss the complaint insofar as asserted against the defendants Jones Beach Lifeguard Corps and Council 82, Local 2744, American Federation of State, County & Municipal Employees AFL-CIO, for lack of personal jurisdiction, but merely stated that "there [is] a serious question as to whether this Court has acquired in personam jurisdiction over the moving defendants". Accordingly, this portion of the appeal must be dismissed, as this issue remains pending and undecided (*see, Sagarin v Sagarin*, 264 AD2d 769; *Katz v Katz*, 68 AD2d 536).

The court properly granted that branch of the respondents' motion which was to dismiss the second, third, and seventh causes of action of the amended complaint insofar as they seek to recover damages against the defendant Robert Adler for tortious interference with prospective contractual relations. The plaintiffs failed to demonstrate that Adler "acted with the sole purpose of harming the plaintiffs or engaged in any improper or unlawful conduct, a necessary element of a cause of action alleging interference with prospective contractual relations" (*Glen Cove Assocs. v North Shore Univ. Hosp.*, 240 AD2d 701, 702; *see also, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614; *Waste Servs. v Jamaica Ash & Rubbish Co.*, 262 AD2d 401). In addition, the plaintiffs have not established either a direct link between the allegedly defamatory remarks made by the defendant Robert Adler and their alleged improper termination from their jobs, or that "but for" these remarks their "at-will" employment would have been continued (*see, American Preferred Prescription v Health Mgt.*, 252 AD2d 414; *M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488; *Goldstein v Tabb*, 177 AD2d 470).

The respondents' contention in their brief that sanctions should be imposed upon the plaintiffs for bringing a frivolous appeal is without merit. Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.