■ LOUIS SAVARESE GENERAL CONTRACTING, Appellant, v BORYS MYCHALCZAK et al., Respondents, et al., Defendant. [707

NYS2d 473] —In an action, *inter alia,* to foreclose a mechanic's lien, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered May 21, 1999, which, upon an order of the same court, entered April 9, 1999, granting that branch of the motion of the defendants Borys Mychalczak and Marianna Morello which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7) and 3015 (e), is in favor of those defendants and against it dismissing the complaint insofar as asserted against them.

Ordered that the plaintiff's notice of appeal from the order entered April 9, 1999, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, the order entered April 9, 1999, is vacated, that branch of the motion of the defendants Borys Mychalczak and Marianna Morello which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7) and 3015 (e) is denied, and the complaint is reinstated insofar as asserted against them.

The plaintiff is a home improvement contractor which is licensed by the Town of East Hampton (hereinafter the Town) pursuant to Town of East Hampton Code, chapter 89. The respondents successfully moved to dismiss the complaint pursuant to CPLR 3015 (e) and 3211 (a) (7), asserting that the plaintiff failed to plead that he was licensed pursuant to a Suffolk County licensing statute applicable to home improvement contractors (*see,* Suffolk County Code § 345-17 [A]). In opposition to the motion, the plaintiff claimed that it was required only to be licensed by the Town, and that a county license was not required.

Contrary to the respondents' argument, the plaintiff is not foreclosed from asserting that Municipal Home Rule Law § 10 (1) (ii) (a) (12) (b) precludes the granting of their motion to dismiss the complaint insofar as asserted against them. The issue presents a legal argument that may be resolved on the record and could not have been avoided by the respondents had the plaintiff raised it before the Supreme Court (*see, Belliveau v Town of Brookhaven,* 171 AD2d 636).

Although Municipal Home Rule Law § 10 (1) (ii) (a) (12) (b) provides that a county may generally regulate and license occupations and businesses within the county, that same provision recites that the county law will not apply in the areas of cities, villages, or towns in the county which have their own regulations or licensing requirements (*see,* Municipal Home Rule Law § 10 [1] [ii] [a] [12] [b]).

Here, because the plaintiff pleaded that he was licensed by the Town and proffered the relevant annual licenses, it was error to dismiss his complaint for failure to comply with CPLR 3015 (e) because he did not possess a county license (*see,* Municipal Home Rule Law § 10 [1] [ii] [a] [12] [b]; 24 Opns St Comp No. 68-211, at 224-225; 1970 Atty Gen [Inf Opns] 58; *see also,* Town Law §§ 137, 138; *Lorenzo Marble & Tile v Meves,* 236 AD2d 448; *Ellis v Gold,* 204 AD2d 261). As a result, the plaintiff's failure to hold a county license could not serve as a basis for dismissal pursuant to CPLR 3211 (a) (7) (*see,* CPLR 3015 [e]).

We decline to consider those of the parties' remaining contentions which are improperly raised for the first time on appeal. We also decline to consider those branches of the respondents' motion which were not ruled upon by the Supreme Court and, therefore, remain pending and undecided (*see, Pepe v Tannenbaum,* 262 AD2d 381; *Fellin v Sahgal,* 249 AD2d 360, 361; *Brown v Zaino,* 226 AD2d 492, 493-494). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.