■ NINA TOUSSAINT, Respondent, v NOELS MARKET, Appellant. [721 NYS2d 249] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Garson, J.), dated April 5, 2000, which granted the plaintiff's motion, in effect, for renewal, and, upon renewal, vacated a prior order of the same court dated January 26, 2000, granting its motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and for summary judgment pursuant to CPLR 3211 (c), and denied that motion.

Ordered that the order is modified, on the law, by deleting the provision thereof vacating the order dated January 26, 2000, and denying the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and for summary judgment, and substituting therefor a provision adhering to the original determination in the order dated January 26, 2000; as so modified, the order is affirmed, with costs to the defendant.

While a motion for leave to renew a prior motion generally should be based on newly-discovered facts, it is within the court's discretion to grant renewal even upon facts that were known to the movant at the time of the original motion (*see, Lupoli v Venus Labs.,* 264 AD2d 820; *Pepe v Tannenbaum,* 262 AD2d 381, 382). Here, the court properly exercised its discretion and accepted as new evidence proof that was available to the plaintiff at the time of the defendant's original motion.

However, upon renewal, the court should have adhered to its original determination. After the defendant made a prima facie showing of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.