■ In the Matter of the Estate of ALBERT N. EISENBERG, Deceased. LAW OFFICES OF SEEMA VERMA PLLC, Appellant; CITIGROUP, Inc., et al., Respondents. [939 NYS2d 407]—

Order, Surrogate's Court, New York County (Kristen Booth Glen, S.), entered July 18, 2011, which granted the motion of respondent cotrustee Citigroup, Inc. (Citigroup) to dismiss petitioner law office's (Verma) petition to the extent of holding the petition in abeyance pending resolution of a voluntary accounting proceeding commenced by Citigroup to determine the legal fees earned by several counsel, including Verma, which concurrently represented respondent cotrustee Etsuko Hamada in her fiduciary capacity, and which directed Verma to supplement its petition to clarify the legal services she rendered to Hamada in her fiduciary capacity, as distinguished from the legal services provided to Hamada to prosecute her personal claims against the trusts and estate, unanimously affirmed, with costs.

Contrary to respondents' contentions, the subject order is appealable as of right (CPLR 5701 [a] [2] [v]). The order decided a motion made on notice and affected a substantial right, since it would subject Verma to a costly hearing to discern the legal services Verma rendered, together with the legal services provided by two other law firms that concurrently represented Hamada (*see General Elec. Co. v Rabin,* 177 AD2d 354, 356-357 [1991]; *Grand Cent. Art Galleries v Milstein,* 89 AD2d 178, 181 [1982]). In any event, the Surrogate's order directing that Verma's fee application await the resolution of the voluntary accounting proceeding was a proper exercise of discretion under the circumstances (*see Matter of Phelan,* 173 AD2d 621 [1991]).

Verma lacks standing to appeal from an October 18, 2010 order of the Surrogate's Court, which granted Citigroup's motion to remove Hamada as a cotrustee of Eisenberg's revocable trust to the extent it suspended Hamada's appointment as trustee (*see* CPLR 5511; *State of New York v Philip Morris Inc.,* 61 AD3d 575 [2009], *appeal dismissed* 15 NY3d 898 [2010]). Even assuming arguendo that Verma had standing to appeal from the order, it failed to timely appeal within 30 days of service of a copy of the order with notice of entry (*see* CPLR 5513 [a]). In any event, the court properly exercised its discretion to suspend Hamada as a cotrustee with Citibank where the record shows that Hamada aggressively pursued her own interests in the proceeds of the trusts and estate, to the apparent neglect of

other designated beneficiaries, thus evincing a clear conflict of interest (*see Matter of Wallens*, 9 NY3d 117, 122 [2007]; *Pyle v Pyle*, 137 App Div 568, 572-573 [1910], *affd* 199 NY 538 [1910]).

We have considered Verma's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.