■ MIA HENDERSON-JONES et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [993 NYS2d 19]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about July 16, 2013, which, to the extent appealable, determined that a prior order of this Court striking the answers of defendants City of New York and Raymond W. Kelly did not preclude individual defendants Detective Michael Sierra and Sergeant Wendie Gomez-Smith from contesting their liability at trial, unanimously affirmed, without costs.

The order on appeal, which requires a full trial concerning the liability of individual defendants Sierra and Gomez-Smith, affects a substantial right and is therefore appealable (*see Matter of Eisenberg*, 93 AD3d 413 [1st Dept 2012], *lv dismissed* 19 NY3d 1011 [2012]). On a prior appeal, we affirmed an order striking the answer of defendants City of New York and Raymond Kelly (*see Henderson-Jones v City of New York*, 87 AD3d 498 [1st Dept 2011]). Since plaintiffs' motion did not seek relief against defendants Sierra and Gomez-Smith, such relief was not afforded by this Court and those individual defendants cannot be precluded from defending the merits of the claims against them at trial (CPLR 2214; *Phoenix Enters. Ltd. Partnership v Insurance Co. of N. Am.*, 130 AD2d 406, 407 [1st Dept 1987]). The default judgment entered against the City and Kelly does not bind Sierra or Gomez-Smith, or otherwise affect their substantive rights (*State Farm Ins. Co. v Frias*, 66 AD3d 997, 999 [2d Dept 2009]).

However, while Sierra and Gomez-Smith will be permitted to contest their liability at a trial, the same is not true for the City and Kelly, who are limited to an inquest on damages. The striking of their answer effectively resolved all of plaintiffs' claims against them, including any claims of vicarious liability and negligent hiring and training, even if Sierra and Gomez-Smith are found to have no liability (*see Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 3, 6 [1st Dept 2011] ["the striking of an answer . . . effectively resolves a claim against the nondisclosing defendant"]). The City and Kelly, having had default judgments entered against them, cannot rely on any defenses raised by the individual defendants to escape liability themselves, but are limited to an inquest at which they can contest the extent of plaintiffs' damages (*see Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730-731 [1984]).

The portion of the order declining to resolve plaintiffs' in limine motion seeking to preclude testimony by defendants' expert witness is not appealable, as the issue remains pending and

undecided (*see Scalise v Adler*, 267 AD2d 295, 296 [2d Dept 1999]). Concur—Mazzarelli, J.P., Renwick, Andrias and Richter, JJ.