Spallone v Spallone (2019 NY Slip Op 02808)





Spallone v Spallone


2019 NY Slip Op 02808


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Friedman, J.P., Sweeny, Webber, Gesmer, Singh, JJ.


160061/13 8957 8956

[*1]Silvio Spallone, Plaintiff-Respondent,
v
Frank Spallone, Defendant-Appellant.


Mahler & Harris, P.C., Kew Gardens (Stephen R. Mahler of counsel), for appellant.
Samuel E. Kramer, New York, for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 13, 2018, which, upon defendant's default, awarded plaintiff damages, interest, costs and disbursements totaling $1,083,622.22, unanimously affirmed, without costs. Order (same court and Justice), entered July 16, 2018, which denied defendant's motion to vacate the April 13, 2018 judgment, unanimously affirmed, without costs.
The court properly precluded Stephen Mahler, Esq. from participating in the inquest on damages. Because Mr. Mahler had not been properly substituted as attorney of record, he lacked standing to proceed on defendant's behalf (see CPLR 321[b]; Elite 29 Realty LLC v Pitt, 39 AD3d 264 [1st Dept 2007]).
The court's award of damages was supported by the record. We reject defendant's challenge to the $150,000 portion of the award, attributable to the false murder charge held "over plaintiff's head." This award was recoverable under plaintiff's claim for intentional infliction of severe emotional distress. Moreover, defendant is precluded from challenging liability as the judgment was entered on default (see Curiale v Ardra Ins. Co., 88 NY2d 268, 279 [1996]; Henderson-Jones v City of New York, 120 AD3d 1123, 1124 [1st Dept 2014]). Also, defendant's malicious, wilful, and wanton filing of false charges of attempted murder against plaintiff "just to see his brother suffer" justified the award of punitive damages (see Chauca v Abraham, 30 NY3d 325, 331-332 [2017]).
In denying defendant's motion to vacate the damages award, the court noted only "no appearance either side." Even assuming the parties had appeared, there was no basis to grant the motion. It was untimely made more than 15 days after the court's issuance of the order awarding damages (CPLR 4405), and, in any event, defendant was attempting to raise the same arguments raised and rejected on that appeal from the judgment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK