Wells Fargo Bank, N.A. v Biderman (2023 NY Slip Op 06107)

Wells Fargo Bank, N.A. v Biderman

2023 NY Slip Op 06107

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Index No. 152703/20 Appeal No. 1114 Case No. 2022-02325 

[*1]Wells Fargo Bank, N.A., Plaintiff-Appellant,
v
Denise Biderman et al., Defendants-Respondents.

Sills Cummis & Gross P.C., New York (Jaimee Katz Sussner of counsel), for appellant.
Joseph A. Altman, P.C., Fleetwood (Joseph A. Altman of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (James D'Auguste, J.), entered April 26, 2022, which, to the extent appealable, denied plaintiff's motion for summary judgment on its causes of action for a declaratory judgment affirming the validity and priority of its mortgage and permitting plaintiff to record a power of attorney nunc pro tunc, and granted defendants' cross-motion for summary judgment dismissing the complaint, unanimously modified, on the law, defendants' cross-motion denied and that branch of plaintiff's motion for summary judgment to record the power of attorney nunc pro tunc remanded for further proceedings, and otherwise affirmed, without costs.
Plaintiff's first foreclosure action, timely filed in 2013, was dismissed without prejudice on December 12, 2019 based on a failure to properly serve a RPAPL 1304 notice (see Wells Fargo Bank, N.A. v Biedermann, 178 AD3d 505 [1st Dept 2019]). Thus, by virtue of Governor Cuomo's COVID-related executive orders, plaintiff had until February 9, 2021, after the motion and cross-motion in this action were fully submitted, to serve the summons and complaint in its second foreclosure action, which was filed on November 4, 2020 (see CPLR 205 [a]; Executive Orders 202 and 202.67). Accordingly, defendants did not establish, as a matter of law, that the mortgage lien was time-barred to warrant summary judgment dismissing the complaint.
Plaintiff is not entitled to a declaration that its mortgage encumbers the property, as it did not establish that defendants were served with the summons and complaint in the second foreclosure action within the time frame. The affidavits of service, which were filed in a different action, are not included in the record on appeal, and we decline to take judicial notice of them under the circumstances here (see Lull v Van Tassell, 171 AD3d 1155, 1157 [2d Dept 2019]).
Since the motion court did not reach that branch of plaintiff's motion seeking to record Denise Biderman's power of attorney granting defendant Judith Biedermann the authority to sign defendants' mortgage on Denise's behalf nunc pro tunc, we remand for further proceedings.
To the extent plaintiff purports to appeal from so much of the judgment that allegedly denied its motion to strike defendants' personal jurisdiction defense and certain affirmative defenses by raising it in its appellate brief, the issue remains pending and undecided since the court did not rule on this branch of plaintiff's motion (see Brown v Zaino, 226 AD2d 492, 493-494 [2d Dept 1996]; see also Henderson-Jones v City of New York, 120 AD3d 1123 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023