◼ In the Matter of HOWARD BLOCK, Appellant, v FRANKLIN SQUARE UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding to compel respondent to reinstate petitioner to his position in its employ, with back pay, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated February 1, 1979, which dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner urges that rule 19 of the Nassau County Civil Service Commission, which delegates to "appointing authorities," such as the respondent, the power to fix the probationary terms of newly appointed or promoted civil servants at not less than 8 weeks nor more than 26 weeks, is repugnant to subdivision 2 of section 63 of the Civil Service Law and hence is unlawful. We note first that although this argument has been raised for the first time on appeal, we may nevertheless consider it, as the question presented is one of law "which appeared upon the face of the record and which could not have been avoided by [respondent] if brought to [its] attention at the proper juncture [Such an] argument should not be lost because of the error of petitioner's counsel in not raising it earlier" *(Matter of Knickerbocker Field Club v Site Selection Bd. of City of N. Y.,* 41 AD2d 539, 540; see *Persky v Bank of Amer. Nat. Assn.,* 261 NY 212). However, we find petitioner's argument to be meritless. Rule 19 was duly promulgated pursuant to section 20 of the Civil Service Law and thus has the "force and effect of law" (see Civil Service Law, § 20, subd 2). It is not repugnant to any other law, nor have we been cited to any authority which would indicate that the delegation of authority implicit

therein is unlawful. *People ex rel. Kastor v Kearny* (164 NY 64), relied on by petitioner, is inapposite. That case dealt solely with the requirement that a newly appointed or promoted civil servant be allowed a definite probationary period within which to demonstrate his fitness for the position. It did not make unlawful the delegation by a civil service commission to an appointing authority of the power to fix a specific probationary period before a civil servant may assume his duties on a permanent basis. Rabin, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.