■ COMPUTERSEARCH CORPORATION, Appellant, v ECL INDUSTRIES, INC., et al., Respondents.—Order unanimously affirmed with costs. Memorandum: Plaintiff appeals from an order which granted defendants' motion to dismiss the complaint on the grounds that the first and second causes of action are barred by the Statute of Limitations and the third and fourth causes of action fail to state a cause of action. In opposing defendants' motion at Special Term, plaintiff argued that defendants' filing of a notice of appeal of a prior order, entered June 11, 1987, which allegedly raised the same issue as presented here, vested exclusive jurisdiction in this court and precluded Special Term from considering defendants' subsequent motion to dismiss. Plaintiff conceded on oral argument that its jurisdictional objection is moot as the time to perfect that appeal has expired.

While plaintiff relied solely upon its jurisdictional objection to defendants' motion to dismiss and never addressed the substantive merits until this appeal, we may nevertheless consider them as the question presented is one of law which appeared upon the face of the record *(see, Matter of Block v Franklin Sq. Union Free School Dist.,* 72 AD2d 602).

Plaintiff contends that its second and third causes of action, when read together, "sound in contract" and thus were timely commenced under the applicable six-year Statute of Limitations *(see,* CPLR 213 [2]). The second cause of action, however, only alleges that "Moog was acting as the agent of Defendant NORLIN INDUSTRIES, INC. at the time that it wrongfully breached and repudiated the Agreement", and the third cause

of action adds only that plaintiff "undertook these services and supplied this equipment at the instance and request of the Defendant". Plaintiff's contract for computer services is with Moog Music, Inc., a wholly owned subsidiary of defendant Norlin. Plaintiff has commenced a separate action for breach of contract against Moog and that action is still pending. A parent or affiliated corporation will not be held liable for the contractual obligation of a subsidiary or affiliate, unless it is exercising complete domination and control in the matter *(see, Berkey v Third Ave. Ry. Co.,* 244 NY 84; *Gulf & W. Corp. v New York Times Co.,* 81 AD2d 772, 773; *Musman v Modern Deb,* 50 AD2d 761). Here, plaintiff failed to show that the activities of defendant, the parent corporation of Moog, sufficiently dominated Moog to make the parent a proper party defendant *(see, Bernick v Cigna Corp.,* 112 AD2d 45). Plaintiff raises no argument on appeal with respect to the court's dismissal of plaintiff's first and fourth causes of action, and agreed at oral argument that they were properly dismissed. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.