■ NOLFI MASONRY CORPORATION, Formerly Known as FROMMEYER & COMPANY, INC., et al., Respondents, v LASKER-GOLDMAN CORPORATION et al., Appellants.—Order, Supreme Court, New York County (Alfred Ascione, J.), entered February 13, 1987, which, *inter alia,* denied the individual defendants' motion for partial summary judgment dismissing the action as against them, unanimously affirmed, without costs.

In a Liquidating Agreement, plaintiff Nolfi Masonry Corporation, a subcontractor, agreed to allow defendant Lasker-Goldman, a general contractor, to assert all its claims for damages against the owner of the construction project. Although defendant Lasker-Goldman settled the claim, it never paid plaintiff its proportionate share of the funds collected.

On a prior appeal, we held that the Liquidating Agreement was valid and enforceable, and that the corporate defendant was liable to plaintiff for the funds received (160 AD2d 186). The individual defendants then moved for summary judgment dismissing the complaint, which was denied. Initially, we note that the argument that the complaint fails to state a cause of action is raised for the first time on appeal and is thus not properly before us *(see, Pietropaoli Trucking v Nationwide Mut. Ins. Co.,* 100 AD2d 680). In any event, a review of the pleadings along with plaintiff's detailed affidavits and exhibits demonstrates that the causes of action for fraud and conversion are sufficiently pleaded. *(See, Ackerman v Vertical Club Corp.,* 94 AD2d 665.)

While defendants deny personal liability, a review of the evidence demonstrates that questions of fact exist which pre-

clude summary judgment. Although the obligations under the Liquidating Agreement were undertaken by the corporate defendant, questions exist as to whether the individual defendants committed tortious acts for which they would be individually liable *(Bartle v Finkelstein,* 19 AD2d 256). Further, plaintiff's assertions that the individual defendants induced the subcontractor to enter the Liquidating Agreement knowing all along that they (defendants) never intended to honor it, clearly raise factual issues as to the claim of fraud. *(See, Ackerman v Vertical Club Corp., supra.)* Concur—Sullivan, J. P., Carro, Ellerin, Ross and Kassal, JJ.