■ YVONNE BELLIVEAU, an Infant, by Her Mother and Natural Guardian, CATHERINE BELLIVEAU, et al., Respondents, v TOWN OF BROOKHAVEN, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered September 22, 1989, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

Since the record discloses, and the plaintiffs concede, that they did not provide prior written notice of the alleged street defect to the defendant as required by Brookhaven Town Code § 84-1 (A), the defendant's motion for summary judgment should be granted. In arguing the absence of written notice before the Supreme Court, the defendant originally relied only upon Town Law § 65-a (1). That statute—unlike the Brookhaven Town Code—authorizes the maintenance of suit upon a showing of constructive notice to the defendant. However, we conclude that, under the circumstances, the defendant is not foreclosed from raising the Brookhaven Town Code provision as a ground for dismissal of the complaint for the first time on appeal. It has been held that a party "may present 'any legal argument that may be resolved on the record, regardless of whether it has been argued previously, if the matter is one which could not have been countered by the [plaintiff] had it been raised in the trial court' " *(Smith v Smith,* 116 AD2d 810, 812, quoting from *Sega v State of New York,* 60 NY2d 183, 190, n 2; *First Intl. Bank v Blackstein & Son,* 59 NY2d 436, 448; *see also, Block v Magee,* 146 AD2d 730, 732; *Computersearch Corp. v ECL Indus.,* 142 AD2d 961; *Matter of Block v Franklin Sq. Union Free School Dist.,* 72 AD2d 602). At bar, the defendant raises a legal argument which could not have been avoided by the plaintiffs if it had been raised before the Supreme Court *(see, First Intl. Bank v Blackstein & Son, supra,* at 447; *cf., Schneyer v Silberg,* 156 AD2d 200, 201; *Arell's Fine Jewelers v Honeywell, Inc.,* 147 AD2d 922, 923). Since we may permissibly consider the Brookhaven Town Code requirement of prior written notice and since it is conceded that no such notice was provided, the defendant's

motion for summary judgment dismissing the complaint should be granted. Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.