■ JOSEPH M. ANDERSON et al., Appellants, v TOWN OF LEWISTON et al., Respondents. [665 NYS2d 164] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion to dismiss the complaint for failure to join the Tuscarora Indian Nation (Indian Nation) as a necessary party (*see,* CPLR 3211 [a] [10]). Plaintiffs have been receiving water service at a location near their homes in respondent Town of Lewiston (Town) and diverting it to nearby businesses of plaintiff Joseph M. Anderson on the reservation of the Indian Nation. Plaintiffs' water permit is conditioned upon the Town's control of the service lines and right to inspect those lines, and if plaintiffs fail to comply with those conditions, the Town is authorized to shut off the water supply. Thus, unless the Indian Nation consents to the Town's control of the service lines within the reservation and permits their inspection, plaintiffs are in violation of the conditions of their permit and the Town is authorized to terminate water service. After the Indian Nation directed the Town to cease and desist selling water for use on the reservation without its consent, respondent Town Board passed a resolution to shut off the water to Anderson's businesses on the reservation. Plaintiffs then commenced this action seeking a judgment declaring the resolution null and void and restraining the Town from interfering with their water supply as long as they pay their bills.

A necessary party is anyone who ought to be a party "if complete relief is to be accorded between the persons who are parties to the action", or anyone "who might be inequitably affected by a judgment" (CPLR 1001 [a]). Because resolution of this controversy involves a determination of the rights and powers of the Indian Nation to consent to water service on its reservation, complete relief cannot be accorded plaintiffs without the Indian Nation as a party. Furthermore, because a judgment in plaintiffs' favor would challenge the power of the Indian Nation, the Indian Nation might be "inequitably affected" by this litigation (*see, City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475-476). While the court has the authority "when justice requires" to excuse the joinder of a necessary party (CPLR 1001 [b]), any judgment in the absence of the Indian Nation would not be binding on it, and without its consent plaintiffs cannot attain the relief they seek. (Appeal from Order of Supreme Court, Niagara County, Rath, Jr., J.—Dismiss Complaint.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.