56

[741 NYS2d 375]

J. Conrad Seneca, Respondent, v Kevin Seneca, Appellant, et al., Defendant.

Fourth Department, May 3, 2002

APPEARANCES OF COUNSEL

*Phillips, Lytle, Hitchcock, Blaine & Huber LLP,* Buffalo (*Paul B. Zuydhoek* of counsel), for defendant-appellant.

*Zdarsky, Sawicki & Agostinelli,* Buffalo (*Joseph E. Zdarsky* of counsel), for plaintiff-respondent.

## OPINION OF THE COURT

HURLBUTT, J.

The central issues presented on this appeal are whether Supreme Court has original subject matter jurisdiction concurrent with tribal courts to adjudicate a commercial dispute between two members of the Seneca Nation of Indians (Seneca Nation) and, if so, whether plaintiff must exhaust his remedies in a tribal court before Supreme Court may exercise its subject matter jurisdiction. For the reasons that follow, we conclude that Supreme Court has original concurrent subject matter jurisdiction to adjudicate this dispute. We further conclude that the failure to exhaust remedies in a tribal court does not necessarily deprive a court of subject matter jurisdiction and that, in any event, the rule requiring exhaustion of tribal remedies does not apply here.

The underlying facts are as follows. Plaintiff, the brother of Kevin Seneca (defendant) and defendant Jill Seneca, operated a gas station and convenience store, Triple J Gas and Diesel (Triple J), on premises owned by the parties' mother on the Cattaraugus Reservation of the Seneca Nation. On August 31, 1998, plaintiff sold Triple J to defendants, and defendants executed a security agreement to secure an indebtedness to plaintiff in the amount of $64,197.17. The parties also executed an agreement declaring that it "shall be governed, construed and enforced under and by the Laws of the State of New York, without regard to principles of conflict of laws." The agreement further provided that "[a]ny legal action brought by any party to this Agreement relating to or arising out of the matters which are the subjects of this Agreement, or any of the agreements or instruments delivered hereunder, shall be brought in

the Supreme Court of the State of New York, in and for the County of Erie, which court shall have exclusive jurisdiction over all such matters."

After defendants defaulted on their payments under the security agreement, plaintiff commenced this action in Supreme Court, Erie County, asserting a cause of action for breach of contract against both defendants and a cause of action for conversion against defendant, individually. Concurrently with the filing of the complaint, plaintiff sought and obtained a preliminary injunction enjoining defendants from possessing or controlling any of Triple J's inventory or equipment, from interfering with plaintiff's efforts to possess or sell that collateral, and from interfering with plaintiff's temporary occupation of the premises for the purpose of liquidating the collateral pursuant to plaintiff's rights under the security agreement.

Defendant moved to dismiss the complaint on the ground that the court lacked subject matter jurisdiction because the Seneca Nation has sovereign immunity and on the further ground that plaintiff failed to join the parties' mother and the Seneca Nation as necessary parties. The court denied the motion to dismiss. On appeal, defendant contends that the court should have dismissed the complaint based on lack of subject matter jurisdiction and failure to join necessary parties. We disagree and conclude that the order should be affirmed.

■ We address first defendant's contention that the court lacked subject matter jurisdiction. That contention has two components: that the court's exercise of subject matter jurisdiction over this action violates the Seneca Nation's right to self-government and exclusive jurisdiction over tribal affairs, and that the failure of plaintiff to exhaust his remedies in a tribal court deprives the court of subject matter jurisdiction pursuant to the tribal court exhaustion rule.

Addressing first the contention that the court's exercise of subject matter jurisdiction violates the Seneca Nation's right to self-government, we note that since 1953 New York courts have had jurisdiction over civil actions and special proceedings between Indians, and between Indians and other persons (*see* 25 USC § 233; Indian Law § 5). Although New York courts do not have subject matter jurisdiction over the internal affairs of Indian tribes (*see Bowen v Doyle*, 880 F Supp 99, 122-123), they do have subject matter jurisdiction over, inter alia, "private civil claim[s] by Indians against Indians" (*People v Anderson*, 137 AD2d 259, 270; *accord Bowen*, 880 F Supp at 122). Because the instant dispute is between private civil

litigants and does not implicate the internal affairs of the Seneca Nation, the court's exercise of subject matter jurisdiction does not violate the Seneca Nation's right to self-government.

Similarly, we reject defendant's contention that the preliminary injunction granted to plaintiff implicates the internal affairs of the Seneca Nation and thus violates its sovereign immunity. "Since the preliminary injunction issued to plaintiff[ ] was not obtained against the sovereign * * *, the relief is not barred by the doctrine of sovereign immunity" (*Anderson*, 137 AD2d at 270).

We next address defendant's contention that the Seneca Nation's Peacemakers Court has exclusive jurisdiction over this action. As previously noted, Indian Law § 5 confers the courts of this State with jurisdiction over civil disputes between Indians and between Indians and other persons concurrent with that of tribal courts (*see Matter of Jimerson v Halftown Estate*, 22 AD2d 417, 419). "Consequently, there is applicable the familiar rule that the court of concurrent jurisdiction 'which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it' " (*id*. at 419, quoting *Colson v Pelgram*, 259 NY 370, 375). No action concerning this dispute was filed in a Seneca Nation tribal court, and thus we conclude that Supreme Court has validly exercised its concurrent subject matter jurisdiction over this matter. Our conclusion is not inconsistent with the laws of the Seneca Nation. The record reflects that the Seneca Nation has granted itself original jurisdiction in commercial disputes, but it has not made that jurisdiction exclusive. Defendant's reliance on *Valvo v Seneca Nation of Indians* (170 Misc 2d 512) is misplaced. That case involved a boundary dispute concerning common land of the Seneca Nation, and the Seneca Nation was named as a defendant (*id*. at 514), whereas this case involves a commercial dispute between private litigants over privately owned property.

Having determined that the Seneca Nation does not have exclusive subject matter jurisdiction, we find dispositive the fact that the parties have chosen their forum—Supreme Court, Erie County—by contract and have deemed that forum "exclusive." The United States Supreme Court in *M/S Bremen v Zapata Off-Shore Co.* (407 US 1) "recognized that courts should not interfere with parties' agreements to designate a specific venue for determination of controversies that may arise out of contract. It is now well settled that forum selection

clauses are prima facie valid * * * [and will not be set aside unless it is shown] that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching" (*Price v Brown Group*, 206 AD2d 195, 198; *see Koko Contr. v Continental Envtl. Asbestos Removal Corp.*, 272 AD2d 585, 586). Apart from his contention that the Seneca Nation has exclusive jurisdiction over this matter, defendant has not even alleged, much less shown, that the forum selection clause is otherwise unreasonable, unjust or invalid, and thus we conclude that it must be enforced.

■ We next address defendant's contention that the court should have dismissed the complaint because plaintiff failed to exhaust his tribal remedies and thus the court lacked subject matter jurisdiction pursuant to the tribal court exhaustion rule. Although that contention was not raised in Supreme Court, we nevertheless address it because it is involves a purely legal issue appearing on the face of the record (*see Brawdy v National Grange Mut. Ins. Co.*, 207 AD2d 1019, 1020; *Belliveau v Town of Brookhaven*, 171 AD2d 636, 636). In any event, we conclude that it lacks merit.

The tribal court exhaustion rule is a federal rule that was first formulated by the United States Supreme Court in *National Farmers Union Ins. Cos. v Crow Tribe of Indians* (471 US 845, 856-857) and thereafter further explicated in *Iowa Mut. Ins. Co. v LaPlante* (480 US 9, 14-19). The rule "bars federal courts from exercising jurisdiction over matters pending in tribal courts. * * * The exhaustion requirement is a 'prudential rule' based on principles of comity; it is not a jurisdictional prerequisite" (*Bowen v Doyle*, 230 F3d 525, 529-530; *see LaPlante*, 480 US at 16 n 8, 20 n 14). We therefore reject defendant's contention that the alleged failure of plaintiff to exhaust his tribal remedies would deprive Supreme Court of subject matter jurisdiction. In any event, even assuming that the rule is a substantive federal law made binding on state courts pursuant to the Supremacy Clause of the US Constitution, not merely a procedural rule of federal courts (*see Drumm v Brown*, 245 Conn 657, 678-683, 716 A2d 50, 61-64; *see also Bowen*, 880 F Supp at 123-126), we conclude that it does not apply to this case because there is no action pending in a Seneca Nation tribal court. Although we are aware that other federal courts have determined that it is not necessary for an action to be pending in a tribal court for the tribal court exhaustion rule to apply (*see e.g. Garcia v Akwesasne Hous. Auth.*, 268 F3d 76, 81-82), we conclude that such a determina-

tion renders the rule a "jurisdictional prerequisite," rather than the "matter of comity" intended by the United States Supreme Court (*LaPlante*, 480 US at 16 n 8; *see also Garcia*, 268 F3d at 81-83).

■ We further conclude that the court properly refused to dismiss the complaint based on the failure to join the parties' mother and the Seneca Nation as parties. Contrary to defendant's contention, they are not necessary parties (*see* CPLR 1003, 3211 [a] [10]). Defendant did not establish that the presence of the parties' mother in the lawsuit was necessary to provide complete relief to the parties or that she would be inequitably affected by a judgment providing such relief (*see* CPLR 1001 [a]). With respect to the Seneca Nation, defendant contends that, if Triple J were to fail as a business, that failure would adversely "reflect" on the Seneca Nation. Defendant did not thereby establish that the Seneca Nation would be inequitably affected by a judgment (*see id.*). The underlying dispute does not implicate the rights and powers of the Seneca Nation (*cf. Anderson v Town of Lewiston*, 244 AD2d 965, 966, *appeal dismissed* 91 NY2d 920).

Accordingly, we conclude that the order should be affirmed.

PIGOTT, JR., P.J., KEHOE, BURNS and GORSKI, JJ., concur.

Ordered that the order so appealed from be and the same hereby is unanimously affirmed, without costs.