■ AMP Services Limited, Trustee of The Walter and Anna Bronner Trust, as Assignee of the Estate of Harry Joseph, Deceased, and Others, Respondent-Appellant, v Walanpatrias Foundation, Also Known as DORAW and Others, Appellant-Respondent. AMP Services Limited, Trustee of The Walter and Anna Bronner Trust, as Assignee of the Estate of Harry Joseph, Deceased, and Others, Respondent, v Walanpatrias Foundation, Also Known as DORAW and Others, Appellant. [824 NYS2d 37]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 3, 2006, which denied defendants' CPLR 3211 motion insofar as it sought dismissal of the first cause of action in the second amended complaint and denied that branch of defendants' motion seeking vacatur of the previously issued order restraining disposition of certain disputed assets, but granted defendants' motion insofar as it sought dismissal of the second, third, fourth, and fifth causes of action in the second amended complaint, and order, same court and Justice, entered March 20, 2006, which denied defendant's motion to vacate the preliminary injunction, unanimously affirmed, with one bill of costs in favor of plaintiff. Appeal from order, same court and Justice, entered February 8, 2005, unanimously dismissed, without costs, as academic in light of the appeal from the subsequent order.

In this action alleging the fraudulent transfer of a stock portfolio, the motion court properly found that plaintiff adequately pleaded a cause of action under Debtor and Creditor Law § 276 based upon "badges of fraud" including, inter alia, the alleged transfer pursuant to defendants' direction of the assets in the disputed DORAW account from Lehman Brothers, Inc. in New York to Lehman Brothers International in Europe while defendants were aware that plaintiff had secured a default judgment against them in a related Florida action considerably in excess of the DORAW account assets (*see Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1999]). Contrary to defendants' contention, plaintiff's Debtor and Creditor Law § 276 claim did not require allegations that the transfer at issue had rendered the subject assets totally and permanently unavailable or diminished. Plaintiff's allegations of a "deliberate attempt to stave off creditors by putting property in such a form and place that creditors cannot reach it" sufficed in support of their claim (*Flushing Sav. Bank v Parr*, 81 AD2d 655, 656 [1981], *appeal dismissed* 54 NY2d 770 [1981]).

The actions of defendants through their agent in New York to move the subject property from this state, if proved, would be sufficient to subject them to personal jurisdiction pursuant to CPLR 302 (a) (2) (*see Banco Nacional Ultramarino v Chan*, 169 Misc 2d 182, 188 [1996], *affd sub nom. Banco Nacional Ultramarino v Moneycenter Trust Co.*, 240 AD2d 253 [1997]).

Plaintiff satisfied the criteria for preliminary injunctive relief (*see City of New York v Love Shack*, 286 AD2d 240, 242 [2001]).

Because the securities held by the depository are held in

fungible bulk and are not traceable to any particular individual, they are not proper predicates for an exercise of in rem jurisdiction, and the second, third and fourth causes of action, premised on an assertion of in rem jurisdiction over the depository-held securities, were properly dismissed (*see Majique Fashions v Warwick & Co.*, 67 AD2d 321, 326 [1979]).

Finally, the fifth cause of action, seeking an accounting, was properly dismissed since there are no allegations from which a fiduciary relationship between plaintiff and defendants with respect to the securities at issue might be inferred (*cf. Chalasani v State Bank of India, N.Y. Branch*, 235 AD2d 449, 450 [1997], *lv dismissed* 90 NY2d 936 [1997]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.