■ CENTER FOR REHABILITATION AND NURSING AT BIRCHWOOD, LLC, et al., Respondents, v S & L BIRCHWOOD, LLC, Defendant, and S & L BIRCHWOOD REALTY, LLC, et al., Appellants. [939 NYS2d 78]—

The Center for Rehabilitation and Nursing at Birchwood, LLC (hereinafter the Rehab Center), a plaintiff in this action, operated a nursing facility in Huntington Station. On August 27, 2004, the Rehab Center entered into a contract to sell its assets—the nursing facility—to the defendant S & L Birchwood, LLC (hereinafter S & L Birchwood). The defendant Zalman Oberlander executed this contract as a member of S & L Birchwood. As part of this agreement, S & L Birchwood agreed to hold any of the Rehab Center's accounts receivable that accrued prior to the closing and remit them to the Rehab Center. That same day, the plaintiff Steffens Family Limited Partnership (hereinafter Steffens) entered into a contract to sell to S & L Birchwood Realty, LLC, the real property upon which the nursing facility was situated.

Following the closing of both contracts, the plaintiffs commenced this action to recover, among other things, the sum of $840,170, representing allegedly outstanding accounts receivable, as well as a closing credit of $109,000 allegedly given to S & L Birchwood at closing. The plaintiffs asserted a cause of action alleging breach of contract solely against S & L Birchwood and causes of action alleging conversion, unjust enrichment, fraud, and for an accounting against all of the defendants. In an order dated June 10, 2010, the Supreme Court, among other

things, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the plaintiffs' causes of action alleging fraud and unjust enrichment, but, in effect, denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging conversion and for an accounting insofar as asserted against S & L Birchwood Realty, LLC, and Oberlander (hereinafter together the appellants). In an order dated September 23, 2010, made, in effect, upon reargument, the Supreme Court adhered to the original determination, in effect, denying those branches of the motion.

Upon, in effect, granting reargument, the Supreme Court properly adhered to its original determination, in effect, denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging conversion insofar as asserted against the appellants. "On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated" (*Schneider v Hand*, 296 AD2d 454, 454 [2002]). Here, insofar as asserted against the appellants, the complaint successfully pleaded a cause of action alleging conversion (*see Schwartz v Schwartz*, 55 AD3d 897, 898 [2008]; *Nolfi Masonry Corp. v Lasker-Goldman Corp.*, 170 AD2d 363 [1991]; *Plechavicius v Mendoza*, 128 AD2d 763 [1987]). The pleading was sufficiently particular to give the appellants notice of the transactions or occurrences intended to be proved (*see* CPLR 3013; *Weiss v Deloitte & Touche, LLP*, 63 AD3d 1045, 1048 [2009]).

However, the Supreme Court should have, upon reargument, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action for an accounting insofar as asserted against the appellants. "The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (*Palazzo v Palazzo*, 121 AD2d 261, 265 [1986]; *see Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 643 [2011]). Here, the plaintiffs failed to allege any facts as to a fiduciary relationship between the plaintiffs and either Oberlander or S & L Birchwood Realty, LLC. Neither appellant entered into the contract which was the basis for the alleged fiduciary relationship. Oberlander, as a member of S & L Birchwood, a limited liability company,

cannot be held liable for S & L Birchwood's obligations solely "by virtue of his [or her] status as a member thereof" (*Matias v Mondo Props. LLC*, 43 AD3d 367, 367-368 [2007] [internal quotation marks omitted]; *see* Limited Liability Company Law §§ 609, 610). Similarly, a fiduciary duty did not attach to S & L Birchwood Realty, LLC, by virtue of the fact that its affiliate, S & L Birchwood, executed the relevant contract (*see Barrett v Freifeld*, 64 AD3d 736, 739 [2009]; *Town of Smithtown v National Union Fire Ins. Co.*, 191 AD2d 426, 428 [1993]; *Computersearch Corp. v ECL Indus.*, 142 AD2d 961, 962 [1988]). Accordingly, the plaintiffs failed to state a cause of action for an accounting against the appellants (*see East End Labs., Inc. v Sawaya*, 79 AD3d 1095, 1096-1097 [2010]). Dillon, J.P., Florio, Chambers and Miller, JJ., concur.