Orders, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered December 12, 2013, which, insofar as appealed from as limited by the briefs, granted plaintiffs motion to dismiss appellants’ counterclaim, granted defendants-respondents’ motion to dismiss appellants’ cross claims, and denied appellants’ motions to modify the court’s July 2, 2013 preliminary injunction, unanimously affirmed, with costs.
Appellants may not attack the underlying preliminary injunction because they did not appeal from it; however, they properly appealed from the motion court’s refusal to modify the injunction (see Matter of Xander Corp. v Haberman, 41 AD3d 489 [2d Dept 2007]).
*551 One of the orders appealed from explicitly denied appellants’ second motion to modify the injunction on the ground that the court lacked jurisdiction to decide an internal tribal dispute. Based on the transcript of the September 11, 2013 oral argument, it appears that the court denied appellants’ first motion to modify for the same reason. The court expressly dismissed appellants’ counterclaim and cross claims for lack of subject matter jurisdiction. These determinations were correct.
“New York courts do not have subject matter jurisdiction over the internal affairs of Indian tribes” (Seneca v Seneca, 293 AD2d 56, 58 [4th Dept 2002]; see also e.g. In re Sac & Fox Tribe of Miss. in Iowa/Meskwaki Casino Litig., 340 F3d 749, 763 [8th Cir 2003]). “[A]n election dispute concerning competing tribal councils” is a “non-justiciable intra-tribal matter” (Sac & Fox, 340 F3d at 764; see also Bowen v Doyle, 880 F Supp 99, 115 [WD NY 1995] [determination of composition of tribal council is internal affair], superseded on other grounds by statute as stated in Peters v Noonan, 871 F Supp 2d 218, 226 [WD NY 2012]). Appellants seek a declaration that defendant Chukchansi Economic Development Authority (CEDA) is lawfully governed by a board composed of seven named individuals; however, appellants themselves allege in their counterclaim and cross claims that the members of the CEDA Board are the same as the members of defendant Tribal Council of the Tribe of Picayune Rancheria of the Chukchansi Indians.
Appellants rely on the “all claims” language in section 13.1 (c) of the indenture (the consent-to-jurisdiction section). However, that section is explicitly made subject to the limitations on each Tribal Party’s waiver of sovereign immunity in section 13.1 (b). “[W]aivers of immunity are to be strictly construed in favor of the Tribe” (Matter of Ransom v St. Regis Mohawk Educ. & Community Fund, 86 NY2d 553, 561 [1995] [internal quotation marks omitted]). Moreover, although an Indian tribe can waive sovereign immunity, it cannot confer subject matter jurisdiction where none exists (see generally Matter of Newham v Chile Exploration Co., 232 NY 37, 42 [1921]; Matter of Brenner v Great Cove Realty Co., 6 NY2d 435, 442 [1959]).
The jurisdiction conferred on the New York courts by 25 USC § 233 “does not extend beyond the borders of this State” (Pyke v Cuomo, 209 FRD 33, 39 [ND NY 2002]). The tribe in the instant action is located in California, not New York. Furthermore, 25 USC § 233 “does not authorize courts of the State of New York to become embroiled in internal political disputes amongst officials of [an Indian tribe]’s government” (Bowen, 880 F Supp at 118; see also id. at 116, 120, 122-123).
*552 Appellants contend that defendants-respondents Nancy Ayala, Karen Wynn, Charles Sargosa, and Tracy Brechbuehl (the Ayala faction or the individual Ayala defendants) do not enjoy sovereign immunity because their actions were illegal and not performed in an official capacity. However, to decide whether the Ayala faction’s actions were illegal, a court would have to determine whether the Ayala faction was the legitimate Tribal Council; this it may not do (see Sac & Fox, 340 F3d at 767).
Because we find that New York courts lack subject matter jurisdiction over the cross claims, we need not reach appellants’ argument that New York courts have personal jurisdiction over the individual Ayala defendants.
Concur — Mazzarelli, J.R, Friedman, Saxe and Feinman, JJ.