Lake Overlook Partners, LLC v Sosa (2018 NY Slip Op 05459)





Lake Overlook Partners, LLC v Sosa


2018 NY Slip Op 05459


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-11385
 (Index No. 501112/15)

[*1]Lake Overlook Partners, LLC, appellant, 
v
Waltnel Sosa, respondent.


Dealy Silberstein & Braverman, LLP (Stephen N. Preziosi, P.C., New York, NY, of counsel), for appellant.
Lane Sash & Larrabee LLP, White Plains, NY (J. Mark Lane of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated October 26, 2015. The order granted the defendant's motion pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the third and sixth causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The complaint in this action alleges that in 2008, nonparty Schelton Assoumou orally agreed with the defendant to invest in two Brooklyn properties, located at 192 Decatur Street and 485 Willoughby Avenue, respectively (hereinafter together the subject properties), which were acquired in the defendant's name in early 2009. Although Assoumou and the defendant orally agreed to form jointly held limited liability companies to hold each of the subject properties, the defendant allegedly refused to execute the documents necessary to form the limited liability companies. Assoumou allegedly contributed in excess of $300,000 toward the purchase price, mortgage payments, and renovations of the subject properties, while the defendant contributed only $25,000.
In 2014, Assoumou assigned to the plaintiff, Lake Overlook Partners, LLC, all of his rights and interests in any claims he had against the defendant with respect to the subject properties. The plaintiff subsequently commenced this action in April 2015 seeking, in effect, to recover damages for breach of contract with respect to the agreement allegedly entered into with Assoumou (first and fourth causes of action), for an accounting with respect to each of the subject properties (second and fifth causes of action), and to recover damages for unjust enrichment (third and sixth causes of action).
The defendant moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. The Supreme Court granted the motion, and the plaintiff appeals. We modify.
We agree with the Supreme Court's determination to grant those branches of the defendant's motion which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the first and fourth causes of action, which alleged, in effect, breach of contract. An estate or interest in real property such as the one alleged by the plaintiff can only be created or granted by a deed or conveyance in writing, subscribed by the person to be charged (see General Obligations Law § 5-703[1]), or through evidence of part performance unequivocally referable to the alleged agreement so as to excuse the absence of a writing (see General Obligations Law § 5-703[4]; Weiss v Halperin, 149 AD3d 1143, 1144-1145). Here, even according the plaintiff the benefit of every possible inference, the complaint, together with the additional evidence produced in opposition to the defendant's motion, failed to allege the existence of an agreement meeting the statutory requirements (see Town of Oyster Bay v Doremus, 94 AD3d 867, 868-869) or evidence of part performance sufficient to excuse the absence of a writing (see Barretti v Detore, 95 AD3d 803, 806-807).
We also agree with the Supreme Court's determination granting those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and fifth causes of action, which were for an accounting. "The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (Center for Rehabilitation & Nursing at Birchwood, LLC v S & L Birchwood, LLC, 92 AD3d 711, 713 [internal quotation marks omitted]). Here, the plaintiff failed to allege any facts from which a confidential or fiduciary relationship between Assoumou and the defendant might be inferred (see AMP Servs. Ltd. v Walanpatrias Found., 34 AD3d 231, 233). Indeed, there is no valid contract upon which the alleged fiduciary relationship could be based (see Center for Rehabilitation & Nursing at Birchwood, LLC v S & L Birchwood, LLC, 92 AD3d at 713), and the complaint does not allege any close friendship or prior business dealings between Assoumou and the defendant (see generally Penato v George, 52 AD2d 939, 942). To the contrary, the plaintiff alleges only that Assoumou and the defendant were acquaintances from business school, and that this was to be their first business investment together.
We disagree, however, with the Supreme Court's determination granting those branches of the defendant's motion which were to dismiss the third and sixth causes of action, which seek to recover damages for unjust enrichment. Contrary to the defendant's contention, those causes of action are not barred by the statute of frauds, as they merely seek to recover the value of Assoumou's financial contributions made in reliance on statements allegedly made by the defendant, and are not an improper attempt to enforce an oral agreement to acquire an interest in the subject properties (see Kennedy v Leibowitz, 303 AD2d 375, 376).
The parties' remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court