Matter of Ryan S. (Scott S.) (2021 NY Slip Op 04850)





Matter of Ryan S. (Scott S.)


2021 NY Slip Op 04850


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, AND BANNISTER, JJ.


565 CA 20-01072

[*1]IN THE MATTER OF APPLICATION OF RYAN S., PETITIONER-APPELLANT, FOR THE APPOINTMENT OF A GUARDIAN OF THE PERSON AND PROPERTY OF DEANNA S., AN ALLEGED INCAPACITATED PERSON. SCOTT S., RESPONDENT-RESPONDENT.






ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (JOSEPH E. ZDARSKY OF COUNSEL), FOR PETITIONER-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (AMBER E. STORR OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 11, 2020. The order and judgment, among other things, granted the motion of respondent to dismiss the petition. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking, inter alia, the appointment of a guardian of the person and property of his mother, an alleged incapacitated person (AIP). At the time, respondent, the AIP's other son, had already filed a petition in the Peacemakers' Court of the Seneca Nation of Indians (Peacemakers' Court) and obtained an order from that court granting him conservatorship over the AIP. Respondent moved to dismiss the petition in this proceeding pursuant to CPLR 3211 on the ground that the Peacemakers' Court had already decided the conservatorship of the AIP. Supreme Court, inter alia, granted respondent's motion, and petitioner appeals. We affirm.
Whereas Supreme Court had concurrent jurisdiction with the Peacemakers' Court over the subject matter of this proceeding (see Indian Law § 5), we conclude that, because the Peacemakers' Court had already acted on the same issue, Supreme Court did not abuse its discretion in declining to exercise its jurisdiction here (cf. Seneca v Seneca, 293 AD2d 56, 59 [4th Dept 2002]; see generally Matter of Kawisiiostha N. v Arthur O., 170 AD3d 1445, 1446 [3d Dept 2019]). Although petitioner contends that he was not served with the petition that was filed in the Peacemakers' Court matter, the record reflects that he has been joined as an interested party in that matter, and thus that forum is the appropriate forum for him to challenge the validity of that court's order.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court