■ ROYAL WARWICK S.A., Appellant, v HOTEL REPRESENTATIVE, INC., et al., Respondents. [965 NYS2d 409]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered March 2, 2012, which granted defendants' motion to dismiss to the extent of dismissing the second cause of action, only as to any claims for dividends under the parties' Reservation Agreement, and the fourth cause of action, for an accounting, unanimously affirmed, with costs.

The court properly found that plaintiff failed to sufficiently allege "partial performance" to support a claim that the Reservation Agreement was amended to provide for the payment of dividends. Although plaintiff claims that the Reservation Agreement was modified to include the payment of dividends, plaintiff's allegations in the complaint are based almost exclusively on its reliance on statements contained in the minutes of nonparty Consortium HR's annual meetings. However, the annual meeting minutes merely suggest an attempt to implement a dividends policy at some future date, and

are not indicative of any conduct "unequivocally referable" to the oral modification (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983] [internal quotation marks omitted]). As the court properly found, the complaint alleges no more than that dividends were promised and were intended to replace the shareholder discounts after 2008. And, even if the dividends were promised, "a mere statement of an intention, even if expressed unconditionally and unequivocally does not, on its own, give rise to a binding contract" (*Smith v Smith*, 66 AD3d 584, 585 [1st Dept 2009]).

Plaintiff's claim for an accounting cannot be maintained in the absence of a fiduciary relationship between plaintiff and defendants (*see Eden v St. Luke's-Roosevelt Hosp. Ctr.*, 96 AD3d 614, 615 [1st Dept 2012]). Plaintiff's claim of breach of fiduciary duty is based entirely on its allegation that defendants breached their duty under the Reservation Agreement by failing to provide shareholder discounts and dividends. Accordingly, plaintiff's claim is based on a contractual, not fiduciary, obligation (*see Superior Officers Council Health & Welfare Fund v Empire HealthChoice Assur., Inc.*, 85 AD3d 680, 682 [1st Dept 2011], *affd* 17 NY3d 930 [2011]). The record belies plaintiff's contention that it is a shareholder of either defendant.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Richter, JJ. **[Prior Case History: 34 Misc 3d 1232(A), 2012 NY Slip Op 50336(U).]**