■ DONALD EPSTEIN, Respondent, v ARI FRIED, Appellant, and LEVENTHAL & KOFMAN, P.C., et al., Respondents, et al., Defendants. [54 NYS3d 33]—

In an action, inter alia, for an accounting, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated August 13, 2015, as granted those branches of the separate motions of the defendants Leventhal & Kofman, P.C., and Adler & Fink, Esqs., which were pursuant to CPLR 3211 (a) (7) and CPLR 306-b to dismiss the complaint insofar as asserted against each of them, and denied those branches of his cross motions which were pursuant to CPLR 3025 (b) for leave to amend the complaint and pursuant to CPLR 306-b to extend the time to serve the summons with notice on those defendants, and the defendant Ari Fried cross-appeals from the same order.

Ordered that the cross appeal by the defendant Ari Fried is dismissed as abandoned for failure to perfect the cross appeal in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants-respondents.

The plaintiff commenced this action, inter alia, for an accounting against, among others, the defendants Leventhal & Kofman, P.C. (hereinafter L&K), and Adler & Fink, Esqs. (hereinafter the Fink firm). L&K and the Fink firm separately moved, inter alia, pursuant to CPLR 3211 (a) (7) and CPLR 306-b to dismiss the complaint insofar as asserted against each

of them. The plaintiff filed two cross motions, one as to L&K and one as to the Fink firm, inter alia, pursuant to CPLR 3025 (b) for leave to amend the complaint and pursuant to CPLR 306-b to extend the time to serve the summons with notice on those defendants. The Supreme Court granted those branches of the separate motions and denied those branches of the cross motions. The plaintiff appeals.

Service of a summons with notice must be made within 120 days after the commencement of the action (*see* CPLR 306-b). "If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). In this case, it is undisputed that service was not made on L&K or the Fink firm within 120 days after the action was commenced by the filing of the summons with notice. The plaintiff failed to establish good cause for his failure to timely serve L&K or the Fink firm (*see Valentin v Zaltsman*, 39 AD3d 852 [2007]). Additionally, the plaintiff failed to demonstrate that an extension of time to effectuate service on those defendants was warranted in the interest of justice (*see Brown v Sanders*, 142 AD3d 940, 941 [2016]). Moreover, accepting as true the facts alleged in the complaint and according the plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint failed to state a viable cause of action for an accounting against either L&K or the Fink firm. The complaint did not adequately allege facts supporting the existence of a confidential or fiduciary relationship between the plaintiff and either L&K or the Fink firm (*see Royal Warwick S.A. v Hotel Representative, Inc.*, 106 AD3d 451, 452 [2013]; *Center for Rehabilitation & Nursing at Birchwood, LLC v S & L Birchwood, LLC*, 92 AD3d 711, 713-714 [2012]).

Accordingly, the Supreme Court properly granted those branches of the separate motions of L&K and the Fink firm which were pursuant to CPLR 3211 (a) (7) and CPLR 306-b to dismiss the complaint insofar as asserted against each of them, and properly denied those branches of the plaintiff's cross motions which were pursuant to CPLR 306-b to extend the time to serve the summons with notice on those defendants.

Further, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's cross motions which were for leave to amend the complaint. "Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion

should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (*Strunk v Paterson*, 145 AD3d 700, 701 [2016]; *see Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (*Pergament v Roach*, 41 AD3d 569, 572 [2007]). Here, the proposed amendments were patently devoid of merit.

The Fink firm's remaining contentions either are not properly before this Court or need not be reached in light of our determination. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.