PNC Bank, N.A. v Lee (2018 NY Slip Op 00857)





PNC Bank, N.A. v Lee


2018 NY Slip Op 00857


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2014-11914
 (Index No. 14314/13)

[*1]PNC Bank, National Association, plaintiff, 
v
Young Dong Lee, defendant third-party plaintiff-appellant; Gordon Brothers, LLC, third-party defendant- respondent, et al., third-party defendants.


Charles D. Hellman, Brooklyn, NY, for defendant third-party plaintiff-appellant.
Gallet Dreyer & Berkey, LLP, New York, NY (David S. Douglas and Michael H. Bunis of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover payment on a personal guarantee, the defendant third-party plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (D. Hart, J.), dated September 29, 2014, as granted that branch of the motion of the third-party defendant Gordon Brothers, LLC, which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the twelfth cause of action of the third-party complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In the twelfth cause of action of the third-party complaint, the defendant third-party plaintiff (hereinafter the appellant) sought an accounting against the third-party defendant Gordon Brothers, LLC (hereinafter Gordon Brothers). The Supreme Court properly granted that branch of Gordon Brothers' motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss that cause of action, because the appellant failed to allege the existence of any confidential or fiduciary relationship on which a duty to account may be predicated (see Kamisky v Kahn, 20 NY2d 573, 581-582; Maor v Blu Sand Intl. Inc., 143 AD3d 579; Royal Warwick S.A. v Hotel Representative, Inc., 106 AD3d 451, 452; Center for Rehabilitation & Nursing at Birchwood, LLC v S & L Birchwood, LLC, 92 AD3d 711, 713).
MASTRO, J.P., CHAMBERS, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court