Davydov v Board of Mgrs. of the Forestal Condominium (2018 NY Slip Op 02312)





Davydov v Board of Mgrs. of the Forestal Condominium


2018 NY Slip Op 02312


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-02755
 (Index No. 5263/15)

[*1]Albert Davydov, appellant, 
v
Board of Managers of the Forestal Condominium, et al., respondents.


John Burnett, Rockaway Park, NY, for appellant.
Gartner & Bloom, P.C., New York, NY (Arthur P. Xanthos and Narriman Subrati of counsel), for respondents.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 7, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action for the abatement of monthly common charges paid to the defendant Board of Managers of the Forestal Condominium based upon a breach of its obligations owed to the plaintiff under its by-laws, and denied that branch of the plaintiff's motion which was for leave to amend the complaint to add a demand for interest on those common charges at a rate of two percent compounded monthly.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action for the abatement of monthly common charges paid to the defendant Board of Managers of the Forestal Condominium based upon a breach of its obligations owed to the plaintiff under its bylaws is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of coss is awarded to the defendants.
In 2004, the plaintiff purchased two units in the Forestal Condominium (hereinafter Forestal). After purchasing the units, the plaintiff began to detect foul odors in both units and discovered water leaks. In addition, the plaintiff determined that gas was not being provided to either unit and heat was not being provided to one of the units, despite the fact that Forestal's bylaws required the defendant Board of Managers of the Forestal Condominium (hereinafter the Board) to operate, repair, maintain, or replace the heating throughout the building. During this time, the plaintiff continued paying the common charges owed on both units.
The plaintiff made complaints to the Board and provided it and the defendant Michael Lago, Forestal's managing agent, with copies of reports prepared by experts he retained to determine [*2]the cause of the various issues with his units. However, the defendants failed to address the plaintiff's complaints, and the plaintiff commenced this action, inter alia, to recover damages for violations of Forestal's offering plan, the Multiple Dwelling Law, and various New York City Building Codes.
The plaintiff moved for leave to amend the complaint, which was granted by the Supreme Court in an order dated May 11, 2016. Thereafter, the plaintiff moved for leave to amend the complaint a second time. In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to add a cause of action for the abatement of monthly common charges paid to the Board based upon a breach of its obligations owed to the plaintiff under its bylaws and denied that branch of his motion which was for leave to amend the complaint to add a demand for interest on those common charges at a rate of two percent compounded monthly. The plaintiff appeals from these portions of the order.
The plaintiff's appeal from so much of the order as granted that branch of his motion which was for leave to amend the complaint to add a cause of action for the abatement of common charges must be dismissed on the ground that the plaintiff is not aggrieved by that part of the order which was in his favor (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to add a demand for interest on his cause of action for the abatement of common charges at a rate of two percent compounded monthly. "Although leave to amend should be freely granted in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Strunk v Paterson, 145 AD3d 700, 701; see Capezzano Constr. Corp. v Weinberger, 150 AD3d 811, 811; Jablonski v Jakaitis, 85 AD3d 969, 971). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (Pergament v Roach, 41 AD3d 569, 572; see J.W. Mays, Inc. v Liberty Mut. Ins. Co., 153 AD3d 1386, 1387; Epstein v Fried, 150 AD3d 691, 693). Here, the proposed amendment with respect to the requested rate of interest related to the cause of action for the abatement of common charges based upon a breach of contract theory was palpably insufficient and patently devoid of merit where no statute or agreement between the parties provides for the recovery of interest at that rate as opposed to the rate allowed by the CPLR (see CPLR 5001[a]; 5004; Luna Light., Inc. v Just Indus., Inc., 137 AD3d 1228, 1230).
The plaintiff's remaining contention is without merit.
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court